1  JEFFREY L. FILLERUP (SBN 120543)
     jfillerup@mckennalong.com
2  ANDREW S. AZARMI (SBN 241407)
     aazarmi@mckennalong.com
3  McKENNA LONG & ALDRIDGE LLP
   One Market Plaza, Spear Tower, 24th Floor
4  San Francisco, California 94105
   Telephone:    415.267.4000
5  Facsimile:    415.267.4198

6  Attorneys for Defendant LINDEN OX
   PASTURE, LLC
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  KUM TAT LIMITED,                    Case No.

13              Plaintiff,              **NOTICE OF REMOVAL
                                        BY DEFENDANT LINDEN OX PASTURE,**
14       v.                             **LLC**

15  LINDEN OX PASTURE, LLC,

16              Defendants.

17

18       **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

19  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

20       **PLEASE TAKE NOTICE THAT** Defendant LINDEN OX PASTURE LLC

21  ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, asserting

22  original federal jurisdiction under 28 U.S.C. § 1332(a)(1), to effect the removal of the above-

23  captioned action, which was originally commenced in the Superior Court of the State of California

24  in and for the County of San Mateo.

25       This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) for

26  the following reasons:

27

28

McKenna Long &
Aldridge LLP
San Francisco

                              1
                 DEFENDANT'S NOTICE OF REMOVAL

## I.     BACKGROUND

1.     On June 10, 2014, Plaintiff KUM TAT LIMITED ("Plaintiff") filed a Complaint against Defendant in the Superior Court of California, County of San Mateo, Case No. CIV528989 ("the Complaint").  **A true and correct copy of the Complaint is attached hereto as Exhibit A ("Ex. A").**

2.     The  Complaint alleges that: Plaintiff entered into negotiations to purchase real property located at 85 Isabella Avenue, Atherton, San Mateo County, California ("the Property") from the  Defendant owner of the Property; these negotiations culminated in an alleged purchase contract  between Plaintiff and Defendant for the purchase of the Property by the Plaintiff ("the Alleged Contract"); and that Defendant breached the Alleged Contract by refusing to sell the Property to Plaintiff.  (Ex. A ¶¶ 7-23.)

3.     The Complaint alleges that Plaintiff agreed to pay either $41,000,000 or $40,500,000 for the Property (it is not clear from the Complaint which amount Plaintiff is in fact alleging it was obligated to pay under the Alleged Contract).  (Ex. A ¶¶ 9, 12.)

4.     Plaintiff's Complaint sets forth two claims against Defendant: specific performance, and breach of contract.  (Ex. A ¶¶ 6-23.)

5.     The prayer for relief in the Complaint seeks the following relief: (1) an order for specific performance requiring Defendant to sell the Property to Plaintiff; (2) delay in performance damages; (3) breach of contract damages in the alternative to a specific performance order; (4) general and special damages; (5) attorney's fees; (6) costs; and (7) "such other and further relief as the Court deems just and proper." (Ex. A at pg. 6.)

## II.     TIMELINESS OF REMOVAL

6.     The Complaint was filed on June 10, 2014 and a summons was issued on June 10, 2014.   (Ex. "B", Summons.)  Defendant was  served with the Complaint and Summons on or about June 19, 2014.  This  Notice of Removal is timely because it is filed within thirty days from the  date Defendant was  served with  the Complaint and Summons. 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(A)-(C); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

III.   **ORIGINAL JURISDICTION:  DIVERSITY OF CITIZENSHIP**

7.    This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different States.  28 U.S.C. § 1332(a)(1).

A.    **Diversity Of The Citizenship Of The Parties**

8.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

**Plaintiff's Citizenship:**

9.    Plaintiff concedes that it is a foreign corporation registered in the British Virgin Islands.  Ex. A ¶ 1 (Plaintiff "is…a corporation registered in the British Virgin Islands").

10.    Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]"  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the "place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 590 U.S. 77, 130 S.Ct. 1181, 1192 (2010).  In practice, this is "normally…the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings…[.]"  *Id.*  Plaintiff's principal place of business is in China.

11.    Accordingly, because it is a foreign corporation incorporated under the laws of the British Virgin Islands, and its principal place of business is in China, Plaintiff is a foreign corporation and is not a citizen of any state in the United States.

**Defendant's Citizenship:**

12.    Plaintiff concedes that Defendant is "a Delaware limited liability company." (Ex. A ¶ 2.)  The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company.  *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).

13.     The Living Trust of James Clark, a revocable trust, is the only member of Defendant.  James Clark, an individual, is the trustee of the James Clark trust.   James Clark permanently resides in Florida.  A person's residence is *prima facie* evidence of his or her domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Johnson v. Mitchell*, No. 2:10-cv-1968 GEB GGH PS, 2012 WL 3260458, *2 (E.D. Cal. Aug. 8, 2012).  Mr. Clark presently resides in the state of Florida, with the intention of residing in Florida for the indefinite future.  Mr. Clark has resided in Florida for over ten years.  He votes in Florida, and his federal tax returns reflect his Florida domicile address.  Mr. Clark does not currently reside in the Property, and he has never resided in the Property.  Rather, Mr. Clark is presently a citizen of Florida, and he was a citizen of Florida at the time the Complaint was filed.

14.     Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.  Accordingly, this action is properly removable pursuant to 28 U.S.C. § 1441 because Plaintiff and Defendant are not citizens of the same state, and because Defendant is not a California citizen.

**B.     Amount In Controversy**

15.     In the Ninth Circuit, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

16.     Although Plaintiff's Complaint does not state a specific dollar amount with regard to the damages sought, the Complaint also seeks specific relief. (Ex. A at pg. 6.)  Where the lawsuit seeks specific relief, the value of the "matter in controversy" must exceed $75,000.  28 USC § 1332(a).  The Complaint alleges that the purported contract it entered into with Defendant provided a purchase price for the Property of either $41,000,000 or $40,500,000.  (Ex. A. ¶¶ 9, 12.)  Accordingly, the "matter in controversy" far exceeds $75,000.  *See, e.g., Turner v. JL Morgan Chase Bank*, 2013 U.S.Dist.Lexis 84150 (N.D. Tex. 2013)("A complaint seeking specific performance of a contract for a dollar amount establishes that amount as the amount-in-controversy for diversity purposes.")

1   17.    In sum, because diversity of citizenship exists, and because the amount in

2   controversy exceeds the $75,000 jurisdictional threshold, this Court has original jurisdiction over

3   this action pursuant to 28 U.S.C. § 1332(a)(1).   Removal to this Court is thus proper pursuant to

4   28 U.S.C. § 1441(a).

5   **IV.    VENUE**

6   18.    Venue lies in the Northern District of this Court pursuant to 28 U.S.C. §§ 1441(a),

7   1391(b) and 84(c) because the state court action was filed in this District and Division, and the

8   acts complained of allegedly arose out of Plaintiff's and Defendant's negotiations relating to real

9   property located in this District.

10  **V.    NOTICE OF REMOVAL**

11  19.    This Notice of Removal will be promptly served on Plaintiff and filed with the

12  Clerk of the Superior Court of the State of California in and for the County of San Mateo.

13  20.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process,

14  pleadings, and orders" on file in the state court action are attached hereto as the following exhibits:

15  Exhibit "A":   Complaint for Specific Performance

16  Exhibit "B":   Summons

17  Exhibit "C":   Civil Case Cover Sheet

18  Exhibit "D":   Notice of Pendency of Action (Lis Pendens)

19  Exhibit "E":   Notice of Case Management Conference

20  Exhibit "F":   Answer

21  Exhibit "G":   Cross-Complaint

22  **WHEREFORE**, Defendant requests that the above action pending before the Superior

23  Court of the State of California for the County of San Mateo be removed to the United States

24  District Court for the Northern District of California.

25

26

27

28

McKenna Long &
Aldridge LLP
San Francisco

DEFENDANT'S NOTICE OF REMOVAL

DATED:  June 20, 2014               McKENNA LONG & ALDRIDGE LLP


                                    By: _____

                                    Attorneys for Defendant Linden Ox Pasture, LLC

USW 804546343.2

6

DEFENDANT'S NOTICE OF REMOVAL

# EXHIBIT A

1   Daniel L. Casas, Esq. (SBN 116528)
    Anthony F. Basile, Esq. (SBN 247409)
2   CASAS RILEY & SIMONIAN, LLP
    One First Street, Suite 2
3   Los Altos, CA 94022
    (650) 948-7200
4   (650) 948-7220 FAX

5
    Counsel for Plaintiff Kum Tat Limited
6

7

8                   **SUPERIOR COURT OF CALIFORNIA**

9                      **COUNTY OF SAN MATEO**

10

11                                          Case No.:   CIV 5 2 8 9 8 9

12  KUM TAT LIMITED,

13              Plaintiff                    **COMPLAINT FOR SPECIFIC**
                                            **PERFORMANCE OF REAL ESTATE**
14      v.                                   **PURCHASE CONTRACT**

15

16  LINDEN OX PASTURE, LLC and DOES 1-
    10,
17

18              Defendant.

19

20
    Plaintiff Kum Tat Limited alleges:
21
                    **PRELIMINARY ALLEGATIONS**
22

23  1.  Plaintiff KUM TAT LIMITED is and at all times mentioned was a corporation registered

24      in the British Virgin Islands.

25  2.  Defendant LINDEN OX PASTURE, LLC is and at all times mentioned was a Delaware

26      limited liability company owning real property in San Mateo County, California.

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Complaint for Specific Performance
*Kum Tat Ltd. v. Linden OX Pasture, LLC*— Pg. 1

3. Pursuant to written contract, Defendant LINDEN OX PASTURE, LLC agreed to perform an obligation in San Mateo County, and the real property at issue is located in San Mateo County, California.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when it has ascertained them. Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and have caused injury and damage to Plaintiff as herein alleged.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

### FIRST CAUSE OF ACTION
### (Specific Performance)

6. Plaintiff incorporates herein paragraphs 1 through 5, as though fully set forth herein.

7. On or about May 12, 2014, Plaintiff executed and delivered an offer to purchase from defendant LINDEN OX PASTURE, LLC the residential real property located at 85 Isabella Avenue, City of Atherton, County of San Mateo (the Property), for a purchase price of Thirty-Eight Million U.S. Dollars ($38,000,000.00). A true and correct copy of said PRDS Real Estate Purchase Contract is attached hereto as **Exhibit A** and incorporated herein.

8. On or about May 21, 2014, Defendant LINDEN OX PASTURE, LLC executed and

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Complaint for Specific Performance
*Kum Tat Ltd. v. Linden OX Pasture, LLC*— Pg. 2

1   delivered a PRDS Counter Offer Number One in response to Plaintiff's Offer to

2   purchase the Property. Defendant's counter offer specified a purchase price of Thirty-

3   Nine Million Five Hundred Thousand U.S. Dollars ($39,500,000.00), the exclusion and

4   inclusion of certain fixtures, furniture, and other personal property in the contemplated

5   transaction, and other terms. A true and correct copy of the Counter Offer Number

6   One is attached hereto as **Exhibit B** and incorporated herein.

7   9. On or around May 25, 2014, Plaintiff executed and delivered a PRDS Counter Offer

8   Number Two in response to Defendant's Counter Offer Number One. Plaintiff's

9   Counter Offer Number Two specified a purchase price of Forty-One Million U.S.

10  Dollars ($41,000,000.00) to purchase the Property, including certain personal property,

11  and with Defendant/Seller to provide lists of specific personal property to be excluded

12  and included in the transaction for Plaintiff/Buyer's review and approval. Specifically,

13  Counter Offer Two provides with respect to excluded and included property as follows

14

15      Seller to provide a specific exclusion and inclusion lists [sic] the
        same day signing County Offer No. Two (2) as the Record, and
16      Buyer to review and approve in order to Fully Ratify this Purchase
        Contract.

17  10. A true and correct copy of the Counter Offer Number Two is attached hereto as

18  Exhibit C and incorporated herein.

19  11. Defendant accepted Plaintiff's PRDS Counter Offer Number Two on or around May 27,

20  2014, creating an enforceable contract.

21  12. On or around June 3, 2014, Plaintiff executed and delivered an Addendum to the

22  purchase contract, accepting Defendant/Seller's exclusion list and reducing the

23  purchase price to Forty Million, Five Hundred Thousand U.S. Dollars ($40,500,000.00).

24  Defendant's exclusion list specifies twenty categories of items of personal property

25  found at the Property that would not be transferred to Plaintiff in the sale of the

26  Property. Plaintiff's Addendum did not address Defendant/Seller's _inclusion_ list of

27  fixtures and personal property to be included in the transaction. A true and correct

28  copy of the June 3 Addendum is attached hereto as **Exhibit D** and incorporated herein.

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Complaint for Specific Performance
*Kum Tat Ltd. v. Linden OX Pasture, LLC* — Pg. 3

13. Defendant/Seller responded to the Addendum as follows:

> Seller hereby rejects this Addendum and terminates negotiations with Buyer.

14. Plaintiff's agent contacted Defendant's agent by email on the evening of June 3, 2014. Plaintiff's agent explained that Plaintiff/Buyer had earlier reviewed Defendant's exclusion list without reviewing the inclusion list. Defendant's inclusion list specifies dozens of fixtures and items of personal property to be included in the sale of the Property. Upon reviewing the inclusion list, Plaintiff/Buyer approved both lists, but the email transmitting the approvals was delayed in transmission. Plaintiff's approval of both the exclusion and inclusion lists was communicated to Defendant's agent on June 3, 2014.

15. Plaintiff is informed and believes and thereon alleges that Defendant has subsequently entered a contract with a third party for the purchase and sale of the Property.

16. The contract was just and reasonable as to defendant LINDEN OX PASTURE, LLC, and the consideration accruing to LINDEN OX PASTURE, LLC was adequate. The consideration was a fair and reasonable price to pay for the Property and included personal property.

17. On June 9, 2014, Plaintiff deposited in escrow by electronic funds transfer the initial deposit of three percent (3%) of the purchase price as required by the terms of the contract to purchase the Property. Plaintiff is ready, willing, and able to perform all remaining conditions, covenants, and promises required to be performed in accordance with the contract except to the extent that such conditions, covenants and promises have been excused.

18. Also on June 9, 2014 Plaintiff served written notice on the seller's agent for defendant LINDEN OX PASTURE, LLC, demanding Defendant's specific performance of the contract.

19. Defendant LINDEN OX PASTURE, LLC has breached the contract by purporting to terminate "negotiations" with Plaintiff and, on information and belief, by entering a

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

Complaint for Specific Performance
*Kum Tat Ltd. v. Linden OX Pasture, LLC*— Pg. 4

1     separate purchase and sale agreement for the Property with a third party.

2   20. Plaintiff alleges that the real property which is subject to this action is unique and that a

3     pecuniary award would be inadequate.  Plaintiff seeks specific performance of the

4     contract against defendants LINDEN OX PASTURE, LLC and DOES ONE through

5     TEN, including, but not limited to, transfer of title to the real and personal property

6     described above, together with all damages resulting to plaintiff by virtue of any delay

7     in performance by defendants.

8   21. Paragraph 27.F. of the contract provides that in the event of any legal action,

9     arbitration, or other proceeding between Plaintiff/Buyer and Defendant/Seller arising

10     out of the contract, the prevailing Buyer or Seller shall be awarded reasonable

11     attorneys' fees and all court costs.  By reason of defendants' actions, Plaintiff has

12     incurred court costs and attorneys' fees in the prosecution of this action.

13     WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

14

15                    **SECOND CAUSE OF ACTION**
                       **(Breach of Contract)**

16

17   22. Plaintiff incorporates herein paragraphs 1 through 21, as though fully set forth herein.

18   23. By refusing to perform the contract, defendants LINDEN OX PASTURE, LLC and

19     DOES ONE through TEN are in breach thereof, and due to such breach, Plaintiff is

20     entitled to damages including but not limited to the difference between the value of the

21     real and personal property to be received under the Contract and the price to be paid,

22     the expenses incurred in the transaction, and for any other damages occasioned by the

23     defendants' non-performance, including but not limited to the lost income and tax

24     benefits of ownership of the real and personal property, in an amount to be proved at

25     trial.

26     WHEREFORE, plaintiff prays for relief as hereinafter set forth.

27   //

28   //

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

1    WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as

2    follows:

3    1. For an order compelling Defendant LINDEN OX PASTURE, LLC to transfer title to

4       the Subject Property and related fixtures and personal property to Plaintiff upon

5       Plaintiff's payment of the purchase price specified in the contract;

6    2. For delay in performance damages in a sum as proven at trial, together with interest

7       thereon at the legal rate;

8    3. For breach of contract damages, in the alternative, against defendants in an

9       amount to be proved at trial;

10   4. For general and special damages according to proof at trial;

11   5. For reasonable attorneys fees;

12   6. For costs of suit incurred herein; and

13   7. For such other and further relief as the court deems just and proper.

14

15                                             CASAS RILEY & SIMONIAN, LLP

16   Dated: June 19, 2014                By _____

17                                             Daniel L. Casas, Esq.

18                                             Anthony F. Basile, Esq.
                                               Casas Riley & Simonian, LLP
19                                             Attorneys for Plaintiff
                                               KUM TAT LIMITED
20

21

22

23

24

25

26

27

28

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

---

Complaint for Specific Performance
*Kum Tat Ltd. v. Linden OX Pasture, LLC*— Pg. 6

# Exhibit A



## PRDS® REAL ESTATE PURCHASE CONTRACT
### (THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT; READ IT CAREFULLY.)

 

The undersigned ___Hua Hat Limited___ ("Buyer") hereby offers to purchase, for the sum of $ __38,000,000.00__ ("Purchase Price"), the real property located at __65 Isabella Ave__, City of __Atherton__, County of __San Mateo__, California ("Property"), on the terms contained in this Real Estate Purchase Contract ("Contract"), dated __5/18/2014__ (for reference purposes only). Buyer and Seller are collectively referred to as the "Parties":

**1. AGENCY DISCLOSURE AND AGENCY CONFIRMATION:** BUYER AND SELLER ACKNOWLEDGE THEIR PRIOR RECEIPT OF AGENCY DISCLOSURE FORMS.

**AGENCY CONFIRMATION:** The following agency relationships are hereby confirmed for this transaction:
Listing Agent __Alain Pinel__ (print company name) is the agent of (check one):
☒ Seller exclusively; or ☐ both Buyer and Seller
Selling Agent __Intero Real Estate__ (print company name) (if not the same as the Listing Agent) is the agent of (check one): ☒ Buyer exclusively; or ☐ Seller exclusively; or ☐ both Buyer and Seller

**2. FINANCING TERMS:**

**A.** $ __1,140,000.00__   **DEPOSIT.** In the form of personal check, ☒ electronic transfer or ☐ _____, shall be deposited by Buyer with the Escrow Holder identified in Paragraph 17 on or before three (or ☒ __34__ ) Business Days from Acceptance of this Contract.

**B.** $ __6,460,000.00__   **ADDITIONAL DEPOSIT.** In the form of personal check, ☒ electronic transfer or ☐ _____, shall be deposited by Buyer with the Escrow Holder upon Buyer's removal of all contingencies in this Contract or ☒ __28 days after acceptance__. If Liquidated Damages (Paragraph 28A) has been initialed by all Parties, Buyer and Seller shall sign and Deliver a PRDS® Receipt for Increased Deposit (Liquidated Damages), or equivalent form, at the same time the Additional Deposit is deposited with the Escrow Holder.

**C.** $ __30,400,000.00__   **BALANCE OF DOWN PAYMENT** shall be deposited by Buyer with the Escrow Holder in sufficient time to close the Escrow.

**D.** $ _____   **LOAN** (Conventional or ☐ FHA-☐ VA): Buyer intends to obtain a loan in the amount indicated for no fewer than _____ years secured by a first deed of trust payable to lender, including: principal and interest (or ☐ interest only) at an initial rate of not more than _____% per annum, which shall be ☐ fixed ☐ adjustable ☐ initial fixed rate and adjustable thereafter.

**E.** $ _____   **OTHER FINANCING:** PRDS® Other Financing Addendum must be submitted as provided for in Paragraph 6.

**F.** $ _____   **SELLER FINANCING:** PRDS® Seller Financing Addendum must be submitted as provided for in Paragraph 6.

**G.** $ __38,000,000.00__   **TOTAL PURCHASE PRICE,** not including closing costs.

**H. BUYER'S LOAN OBLIGATIONS:** If Buyer intends to obtain any type of financing, Buyer shall secure a lender's or mortgage broker's letter stating that, based upon a review of Buyer's application and credit report, Buyer is pre-approved for the loan(s) identified in this Contract. That letter is Delivered with the Contract or ☐ Buyer shall, within five (or ☐ _____ ) days of Acceptance, Deliver that letter to Seller. If that letter is not Delivered to Seller within the time frame specified, Seller may cancel this Contract.

**I. FINANCING CONTINGENCY:** If a time frame is entered in Paragraph 8A, this Contract is contingent upon Buyer's obtaining written lender commitment(s) for the loan amount(s) and the financing terms specified in Paragraphs 2D, 2E and/or 2F. Buyer's right to exercise the Financing Contingency to cancel this Contract is dependent upon Buyer making a timely, good faith application for the actual loan(s) specified in Paragraphs 2D, 2E and/or 2F. Lender commitments are based upon criteria which may include, but are not limited to, the value and condition of the Property; if a written lender commitment as specified herein cannot be obtained, Buyer has the right to cancel this Contract. Buyer may attempt to obtain alternative financing; however, Buyer may not use Buyer's inability to obtain alternative financing as an excuse to not perform Buyer's obligations specified in this Contract. Buyer should not remove the Financing Contingency without first personally verifying all of the terms and conditions of the loan(s) directly with the Buyer's lender(s).

**2. APPRAISAL:** If a time frame is entered in Paragraph 8B, this Contract is contingent upon Buyer's obtaining an appraisal of the Property at or above the Purchase Price, whether or not Buyer (a) is actually seeking a loan or (b) receives lender's written commitment for the financing specified in Paragraph 2. In exercising this contingency right, Buyer shall rely on an appraisal from an independent licensed or certified appraiser. If a time frame is also entered in Paragraph 8A (Finance Contingency), however, Buyer shall rely solely on the appraisal obtained by Buyer's lender.

Buyer's Initials ( ____ ) ( ____ )          Seller's Initials ( ____ ) ( ____ )

Property: __85 Isabella Ave__      Atherton     Date __5/12/2014__

**4. BUYER'S FUNDS:** Buyer represents that all funds, including but not limited to any deposits, balance of down payment, and closing costs, shall be readily available as "good funds" as determined by Escrow Holder at the time the funds are deposited with Escrow Holder. Obtaining any or all of these funds is not a contingency of this Contract. Buyer shall Deliver to Seller written verification of these funds within five (or ☒ __14__ ) days from Acceptance. If that verification is not Delivered to Seller within the time frame specified, Seller may cancel this Contract.

**5. FIXTURES, FITTINGS AND PERSONAL PROPERTY:**

    **A. ITEMS INCLUDED IN THE SALE:** Buyer's purchase of the Property shall include ALL EXISTING fixtures and fittings attached to the Property and shall be deemed to include, but not be limited to, all of the following: electrical, attached lighting, plumbing and heating fixtures, fireplace inserts and attached fireplace equipment, solar systems and equipment, built-in appliances, screens, awnings, shutters, window coverings and related hardware, hanging/affixed bathroom mirrors, attached floor coverings, satellite dishes and related equipment, integrated telephone systems, all audio/video and technology wiring, air coolers/conditioners, pool/spa equipment, water softeners, smoke and carbon monoxide detectors, security systems/alarms, keys to all exterior locks, garage door openers/remote controls, mailbox, and in-ground landscaping. NOTE: These items and any additional items listed in Paragraph 5B (collectively referred to as "Included Items") are included in the Purchase Price and are owned by Seller.

    **B. ADDITIONAL ITEMS INCLUDED IN THE SALE:** The following items are included if checked in the chart below. The Parties agree that the Included Items are transferred in the same general condition as of time of Acceptance. Seller shall Deliver to Buyer all existing warranty documents at or before Close of Escrow. Seller shall, within five (or ☐ _____ ) days of Acceptance, identify what, if any, of the Included Items are not owned by Seller (e.g., leased or licensed equipment) and shall Deliver to Buyer all documents (leases, contracts, terms of use, etc.) related to these non-Seller-owned items.

| Initial | Item | Notes | Initial | Item | Notes |
|---|---|---|---|---|---|
| ☒ | Refrigerator | | ☒ | Trash Compactor | |
| ☒ | Freezer | | ☒ | TVs affixed to wall or built in | |
| ☒ | Stove/Range | | ☒ | TV mounting brackets | |
| ☒ | Microwave | | ☒ | Speakers affixed to wall or built in | |
| ☒ | Washer | | ☒ | Speaker mounting brackets | |
| ☒ | Dryer | | ☒ | Other | All Furniture, Art work |
| ☒ | Wine Cooler | | ☒ | Other | decorative items |

    **C. ITEMS EXCLUDED FROM SALE:**

      Note: If TV (and/or other) mounting brackets are EXCLUDED from sale, Seller shall, upon removal thereof, bring affected surfaces as close to original condition as is reasonable and practical.

    **D. CAUTION:** Items depicted in oral or written representations, statements or photographs in fact sheets, advertisements, Multiple Listing Service ("MLS") documents or the Transfer Disclosure Statement are NOT INCLUDED IN THIS SALE unless specifically set forth, in writing, in this Contract.

**6. ADDITIONAL CONTRACT DOCUMENTS:** The following addenda are made a part of this Contract if checked below, submitted with this offer and Delivered to and signed by the Parties:

    ☐ A. PRDS® Seller Financing Addendum      ☐ D. PRDS® Seller Occupancy After Sale Addendum
    ☐ B. PRDS® Other Financing Addendum      ☐ E. PRDS® Sale of Buyer's Property Addendum
    ☐ C. PRDS® Common Interest Development Addendum      ☐ F. Other_____

**7. OTHER TERMS AND CONDITIONS:**
Contract includes all furniture, art work, decorative items. Exclusion list of any personal items must be received 5 days after acceptance.

**8. CONTINGENCIES:** THIS CONTRACT IS NOT CONTINGENT on any of the following referenced paragraphs unless a specific number of days is entered below next to each contingency intended to be included in this Contract. A "zero" or a "blank line" shall mean that the contingency is not included and is not part of this Contract. The time frames for removal of any contingencies in the addenda specified in Paragraph 6 or elsewhere are controlled by the terms of those addenda.

    A. __0__ Days from Acceptance for removal of Financing Contingency (Paragraphs 2D, 2E and/or 2F)
    B. __0__ Days from Acceptance for removal of Appraisal Contingency (Paragraph 3)
    C. __21__ Days from Acceptance for removal of Property Condition Contingency (Paragraph 14A)
    D. __0__ Days from Acceptance for removal of Lead-Based Paint Contingency (Paragraph 15)
    E. __0__ Days from Acceptance for removal of Title Contingency (Paragraph 17)

**9. CLOSE OF ESCROW, POSSESSION AND OCCUPANCY:**

    **A. CLOSE OF ESCROW:** Recordation of the deed ("Close of Escrow") and Delivery of keys shall occur on (date) _____ (or ☒ __60__ days from Acceptance). If the date set for Close of Escrow falls on other than a Business Day (Paragraph 27K), recordation shall occur on the following Business Day. Possession shall be Delivered to Buyer by no

Property: 85 Isabella Ave        Atherton    Date 5/12/2014

later than 5:00 p.m. (or ☐ 1:00 ☐ a.m. ☒ p.m.) on the same date, or ☐ _____ ("Possession Date") subject to the provisions of a signed Occupancy Agreement. If Seller retains possession after Close of Escrow, a minimum of one set of keys shall be given to Buyer at Close of Escrow.

B. **INTENT TO OCCUPY:** Buyer does (or ☐ does not) intend to occupy the Property as Buyer's residence.

10. **REAL ESTATE TRANSFER DISCLOSURE STATEMENT ("TDS", PRDS SUPPLEMENTAL SELLER CHECKLIST ("SSC"), NATURAL HAZARD DISCLOSURE STATEMENT ("NHDS"), LEAD-BASED PAINT HAZARD DISCLOSURE ("Lead Disclosure"):** (a) Unless Seller is exempt by statute, Seller shall fully complete a TDS, NHDS and, if the Property was built before 1978, a Lead Disclosure. If a TDS is legally required, Seller shall also fully complete the SSC. Those documents required by this Paragraph (collectively referred to as "the Disclosure Documents") shall be Delivered to Buyer within five (or ☐ _____) days of Acceptance. (b) Buyer represents and affirms that Buyer has already received, read and signed prior to Acceptance the following fully completed Disclosure Documents: ☐ TDS ☐ SSC ☐ NHDS ☐ Lead Disclosure, and has Delivered each of them to Seller with this offer.

A "fully completed TDS" shall have (1) all questions answered and signed by Seller in Section II, (2) a response and signature by Listing Agent, if any, in Section III, and (3) a response and signature by Selling Agent, if any, in Section IV. A "fully completed" Lead Disclosure and/or SSC shall have all questions answered and signed by Seller.

If any of the required Disclosure Documents are delivered to Buyer after Acceptance, Buyer shall have the right to cancel this Contract by Delivering a written notice to Seller within three (3) days after personal Delivery of the Disclosure Documents (or five days after Delivery by mail). Buyer shall sign and Deliver to Seller the required Disclosure Documents within five (or ☐ _____) days after Delivery of the Disclosure Documents to Buyer. If Buyer fails to sign and Deliver any of the required Disclosure Documents within the time frames specified, Seller may cancel this Contract.

**CAUTION:** Whether or not the Seller is exempt by statute from completing and Delivering any of the Disclosure Documents, Seller is legally obligated to disclose to Buyer all known material facts which may impact the value or desirability of the Property. Seller is obligated to disclose all known additions and alterations to the Property including, but not limited to, the status of any permits and final approvals. Where Buyer has been given timely notice that construction of any aspect of the Property has been made without necessary permits or approvals, Buyer shall assume all of the legal and financial risks and obligations if the Property is required to be brought into legal compliance at any time after the Close of Escrow.

11. **PROPERTY DISCLOSURES (ENVIRONMENTAL, NATURAL HAZARD, EARTHQUAKE QUESTIONNAIRE, TAX ASSESSMENT AND TAX STATUS REPORTS, EARTHQUAKE/ENVIRONMENTAL BOOKLET); COMPLIANCE STATEMENTS:** Seller shall pay for and Deliver to Buyer the following documents: Environmental Disclosure Report (limited to filed governmental reports), Natural Hazards report and required information about any Mello-Roos and/or 1915 Special Assessments, Five (or ☐ _____) days prior to the close of escrow, Seller shall either (1) fully complete, sign and Deliver to Buyer a declaration of federal and California tax status ("FIRPTA") or (2) submit the Seller's Social Security or Taxpayer Identification Number directly to a Qualified Substitute (the Escrow Holder), who shall then be required to satisfy all of the FIRPTA tax identification requirements. Seller shall also Deliver to Buyer a copy of the current California Earthquake Safety and Environmental Hazard booklet (including a fully completed Residential Earthquake Hazards Report (questionnaire), if the Property was built before 1960), and smoke detector, carbon monoxide, water heater and any government-mandated, point-of-sale compliance statements if those compliance statements are not included in a fully completed TDS. **NOTE:** By law, certain exemptions may apply to some of the foregoing.

12. **GOVERNMENT-MANDATED REPORTS, RETROFIT REQUIREMENTS AND COMPLIANCE STATEMENTS:** Unless exempt or otherwise agreed in writing, Seller, at Seller's expense, shall (prior to close of escrow):

A. Install smoke detector(s), carbon monoxide detector(s), and code-complying water heater bracing.

B. Comply with all government-mandated inspections, reports, or retrofits of the Property.

C. Deliver to Buyer all compliance statements relating to the above.

13. **BUYER'S DUTY OF CARE:** Buyer understands and acknowledges that Buyer has a legal duty to exercise reasonable care to protect him or herself, including those facts that are known to or within the diligent attention or observation of Buyer.

14. **PROPERTY CONDITION:** Buyer shall have the right to personally evaluate, inspect, investigate, and/or retain appropriate, qualified and/or licensed professionals of Buyer's choice and at Buyer's expense to evaluate, the past, present and future value, use, desirability, condition and/or development of the Property.

A. **INSPECTION CONTINGENCY:** If a time frame is specified in Paragraph 8C, this Contract is contingent upon Buyer's approval of all conditions, disclosures, factors and circumstances relating to the Property: all physical and non-physical aspects of the Property and any other matter, on- or off-site, that materially affects the value and/or desirability of the Property including, but not limited to, any and all matters contained in the PRDS SAN MATEO/SANTA CLARA COUNTIES ADVISORY, included within the scope of this Property Condition Contingency are Buyer's approvals of (1) the Property Disclosure Documents and Compliance Statements identified in Paragraphs 10 and 11 and (2) the cost and/or availability of Homeowner's (i.e., fire and liability) Insurance Coverage.

B. **CONSEQUENCES OF FAILING TO INSPECT:** Any failure by Buyer to fully conduct inspections and investigations is against the advice of the real estate licensees. Buyer understands, acknowledges and agrees that Buyer is

Buyer's Initials (_____) (_____)           Seller's Initials (UMC) (_____)

Copyright 2013 Advanced Real Estate Solutions, Inc.      Page 8 of 10      *InstanetForms* Form RCS Rev 06/13

Property: __85 Isabella Ave__                                        __Atherton__   Date __5/12/2014__

assuming all of the risk of Buyer's decision not to conduct any and all inspections. Even if this Contract is not contingent upon the Buyer's approval of the Property condition (Paragraph 8C), Buyer still retains the right to conduct inspections and investigations of the Property (within a reasonable time frame from Acceptance), but solely for Buyer's own information and without cancellation rights.

**NOTE:** Buyer acknowledges that past reports and disclosures received by Buyer, if any, may or may not reflect the current condition of the Property.

**C. STRUCTURAL PEST CONTROL ("SPC") INSPECTIONS OR ISSUES DURING PROPERTY CONDITION CONTINGENCY:** If Paragraph 19 ("Structural Pest Control") is not part of this Contract and no agreement exists as to allocating SPC repairs, Buyer shall still be entitled to inspect and evaluate all issues including, but not limited to, SPC issues raised in any inspection or report during Buyer's Property Condition Contingency time frame. If exercising these rights results in an SPC operator's identifying further inspections which Buyer undertakes, Buyer shall be responsible for all related entry and closure costs in compliance with Paragraph 22; Buyer's obligation to pay these costs shall survive termination of this Contract.

**D. INVASIVE/DESTRUCTIVE TESTING:** Unless otherwise agreed to in this Contract or required by law, neither Buyer nor anyone acting on Buyer's behalf shall be authorized to undertake any invasive or destructive testing without securing prior written approval from Seller.

**E. SELLER/BUYER OBLIGATIONS:** Seller shall make the Property reasonably available for all Buyer inspections and shall have all utilities turned on for those inspections. Buyer shall not request or schedule any inspections by any building department inspector or other government employee without the prior written consent of Seller. Buyer shall Deliver to Seller, at no cost, copies of any and all written reports regarding the Property that are obtained by Buyer. Buyer shall (1) repair all damage to the Property arising out of or resulting from any of Buyer's inspections, (2) keep the Property free of liens, and (3) indemnify Seller from and against any liability, claim or damage arising out of Buyer's inspections. Buyer's obligations contained in this paragraph shall survive the cancellation of this Contract.

**15. LEAD-BASED PAINT CONTINGENCY:** If a Lead Disclosure is (1) legally required because the Property was built before 1978 or (2) not legally required, but a lead inspection is a contingency of this Contract by specification of a time frame in Paragraph 8D, Buyer shall complete all testing for lead-based paint within the time frame specified in Paragraph 8D.

**16. SELLER'S DOCUMENTS:** Seller has five (or ☐ _____) days of Acceptance within which to deliver to Buyer all reports, disclosures and information for which Seller is responsible under the terms of this Contract.

**17. TITLE INSURANCE AND PRELIMINARY TITLE REPORT:** ☒ Buyer ☐ Seller shall pay escrow fees and the cost of an ALTA or CLTA homeowner's policy of title insurance issued by or through _____ ("Escrow Holder"). If a lender's title policy is required, Buyer shall pay its cost. Buyer shall obtain and review a current preliminary (title) report. Seller shall Deliver title free of all monetary liens not expressly assumed by Buyer, and property taxes shall be prorated as specified in Paragraph 28B. Subject to the foregoing and to Buyer's title contingency rights, if any, Buyer shall take title to the Property subject to all existing easements, restrictions, claims and other exceptions to title, whether or not of record or referenced in the preliminary report. If a time frame is specified in Paragraph 8E, this Contract shall be contingent upon Buyer's approval of a current preliminary report and the status of title of the Property. NOTE: A preliminary report is only an offer by the title insurance company to provide title insurance; it is not a representation of the actual condition of title, and may not identify every issue affecting title. The type and cost of title insurance coverage can vary. Buyer is advised to contact a title officer regarding the cost and availability of different title insurance products that can provide enhanced protections.

**18. OPTIONAL "AS-IS" PROVISION:** Only if checked here ☒, it is agreed that Buyer is purchasing the Property in its present (i.e., as of the time of Acceptance), "AS-IS" condition, including and subject to the following:

    **A.** Seller acknowledges a continuing obligation to (1) make full disclose to Buyer (see Paragraph 10), (2) comply with smoke detector, water heater and all other government-mandated requirements, (3) install carbon monoxide detector(s), (4) maintain the Property (see Paragraph 23);

    **B.** Buyer retains the right to inspect and investigate all matters detailed in Paragraph 14 but retains only those contingency rights expressly elected in Paragraph 8D and made part of this Contract;

    **C.** Paragraph 19 ("STRUCTURAL PEST CONTROL") and Paragraph 20 ("SELLER'S OBLIGATION TO REPAIR OR CORRECT") are deleted from this Contract;

    **D.** There are NO EXCEPTIONS to this "AS-IS" provision unless one or both of the EXCEPTIONS below are checked:
      1. ☐ Paragraph 19 is included in this Contract
      2. ☐ Other:_____

**19. STRUCTURAL PEST CONTROL ("SPC") INSPECTION AND CERTIFICATION:** If checked here ☐ and/or if Paragraph 18D is checked, this Paragraph creates a contractual obligation for the Parties; however, if Paragraph 18C applies, all of Paragraph 19 is deleted from this Contract.

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~
~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~

Buyer's initials (_____) (_____)                                    Seller's initials (_____) (_____)

Copyright© 2013 Advanced Real Estate Solutions, Inc.

Form ROS Rev 05/13

Property:   85 Isabella Ave                          Atherton      Date    5/12/2014

~~[illegible redacted text]~~

**B.** ~~[illegible redacted text]~~

**C.** ~~[illegible redacted text]~~

**D.** ~~[illegible redacted text]~~

~~[illegible redacted text]~~

~~[illegible redacted text]~~

**21. CONTINGENCY REMOVAL; CONTRACTUAL OBLIGATIONS; CANCELLATION RIGHTS:** The contingency removal mechanism provided for in this Contract is "**ACTIVE CONTINGENCY REMOVAL.**" Contingencies in this Contract continue in full force and effect unless and until the holder of the contingency delivers to the other party either (1) a written contingency removal or (2) a written Notice of Cancellation. The removal *or waiver* of a contingency shall mean that the holder of the contingency is fully satisfied as to its subject matter and is expressly eliminating that contingency as a precondition to the Close of Escrow.

**CAUTION: REGARDING CONTINGENCY REMOVAL/TIME FRAMES:** Failure to remove any contingency by the holder of that contingency or perform a contractual obligation within the time frames specified in Paragraph 8 or elsewhere in this Contract (individually and collectively referenced as "the Time Frames") shall make the Contract subject to cancellation by the other Party. Any attempt to cancel this Contract requires compliance with the Notice to Perform paragraph below.

**CAUTION: REGARDING CONTRACTUAL OBLIGATIONS:** Failure of either Party to perform any act required by this Contract ("Contractual Obligations"), other than close of escrow, in a timely fashion shall make this Contract subject to cancellation by the other Party, but only after the times specified in a Notice to Perform have elapsed. Any attempt to so cancel this Contract requires compliance with the Notice to Perform Paragraph below.

**A.** **Notice to Perform:** Enforcement of Time Frames and Contractual Obligations in this Contract requires that a written Notice to Perform signed by the Party seeking enforcement first be delivered to the other Party, who shall have two days to either remove the designated contingency, perform the designated Contractual Obligations, or cancel this Contract. However, if the last day of that notice period is not a Business Day (as defined in Paragraph 27K), the

Buyer's Initials ( ___ ) ( ___ )                          Seller's Initials ( ___ ) ( ___ )

Copyright© 2013 Advanced Real Estate Solutions, Inc.

Page 5 of 10

*Instanet Forms*   Form RO8 Rev 08/13

Property: __85 Isabella Ave_____ Atherton__ Date __5/12/2014__

recipient of the Notice to Perform shall have until the following Business Day to perform. A Notice to Perform is not required to enforce close of escrow obligations. The Notice to Perform may be Delivered to a Party two or more days prior to the Time Frames or the date for performance of any Contractual Obligations; however, the Notice to Perform shall not be used by either Party to shorten the Time Frames specified for any contingency or the time for performance of any Contractual Obligations. Whether or not a Notice to Perform is issued, Paragraph 21B shall remain in full force and effect.

**B. Request For Repairs or Other Action:** If, within a Time Frame that is part of this Contract and prior to contingency removal, Buyer Delivers to Seller a written request that Seller make repairs, corrections or take any other action not otherwise agreed to in this Contract relating to that contingency, Seller shall have three (or ☐ _____) days from Seller's receipt of Buyer's request within which to respond to Buyer in writing. If Seller agrees in writing to all of Buyer's requests, Buyer shall, upon receipt of such writing, promptly remove the contingency upon Buyer's receipt of Seller's Acceptance of the request. If Seller's response indicates that Seller is unwilling or unable to repair or correct any or all of Buyer's requests, or if Seller does not respond within the Time Frame specified in this Paragraph, Buyer shall have three (or ☐ _____) days from either (1) Buyer's receipt of Seller's response or (2) the expiration of the time for Seller to respond (whichever occurs first) to either remove the contingency or cancel the Contract. If Buyer does not cancel, or fails to remove any contingency within its respective Time Frame, Seller shall have the right to cancel this Contract.

**C. Buyer Cancellation Rights:** If Buyer determines, in good faith, that any conditions or circumstances relating to any of Buyer's contingencies in Paragraph 8 or elsewhere in this Contract are unacceptable to Buyer, Buyer shall be entitled to cancel this Contract within the Time Frames or prior to the expiration of a Notice to Perform by Delivery of a written Notice of Cancellation to Seller and Buyer shall be entitled to a refund of Buyer's deposited funds, less any non-reimbursable fees and costs. The Parties agree to sign mutual escrow instructions to facilitate the terms and conditions of the cancellation as specified in this paragraph. CAUTION: If Seller unreasonably refuses to cooperate in the release to Buyer of Buyer's deposited funds, Seller may be exposed to monetary sanctions and attorney's fees under Civil Code Section 1057.3.

**D. Seller Cancellation Rights:** If Seller determines, in good faith, that any conditions or circumstances relating to any of Seller's contingencies in this Contract are unacceptable to Seller, Seller shall be entitled to cancel this Contract within the Time Frames for those contingencies or prior to the expiration of a Notice to Perform by Delivery of a written Notice of Cancellation to Buyer; Buyer shall be entitled to a refund of Buyer's deposited funds, if any, less any non-reimbursable fees and costs. The Parties agree to sign mutual escrow instructions to facilitate the terms and conditions of the cancellation as specified in this paragraph.

**22. REPAIRS:** Unless otherwise agreed in writing, all repairs required in this Contract shall be undertaken by a licensed contractor using materials of comparable quality and subject to local ordinances. All repairs shall be done in workmanlike fashion and in compliance with all applicable building codes and permit requirements, and shall be completed by the responsible Party no later than two (or ☐ _____) days prior to the date scheduled for Close of Escrow. Written documentation related to these repairs shall be Delivered to all Parties promptly upon completion of the repairs.

**23. SELLER'S OBLIGATION TO MAINTAIN PROPERTY DURING ESCROW:** During the time period between Acceptance and Close of Escrow, Seller shall maintain the Property, including all included items (Paragraph 5), in the same general condition as at time of Acceptance. (NOTE: Seller is advised to consider obtaining a "Seller's Coverage" home protection plan to cover various aspects of the Property during pre-Close of Escrow time frames.) Fixtures, fittings and/or personal property that are not included in the sale (Paragraph 5C) and all debris shall be removed by Seller prior to the date Seller Delivers possession of the Property to Buyer. The Property shall be delivered to Buyer in no less than "broom clean" condition.

**24. "WALK THROUGH" INSPECTION:** Buyer shall also be entitled to a "walk-through" inspection of the Property no later than two (or ☐ _____) days prior to Close of Escrow, not as a contingency of sale, but solely to confirm that all repairs have been completed and/or that the Property, including landscaping, is in no less than the same general condition as of the date of Acceptance. Seller shall assure that, through such time period as is reasonably necessary for said "walk-through," all utilities and services remain connected and active.

**25. HOME PROTECTION PLAN:** A home protection plan shall be ordered by ☐ Buyer ☐ Seller or ☒ is waived. Such plan shall be at a cost not to exceed $ _____ and shall be paid for by ☐ Buyer ☐ Seller ☐ Buyer (50%) / Seller (50%) or ☐ _____. Options shall be selected by the Party ordering the plan. ☐ Options shall include: ☐ premium upgrades, ☐ refrigerator, ☐ washer, ☐ dryer, ☐ pool, ☐ spa, ☐ air-conditioning ☐ other _____

**26. ESCROW INSTRUCTIONS, TAXES AND PRORATIONS:**

**A. ESCROW INSTRUCTIONS:** This Contract, including all counter offers and addenda, shall constitute joint escrow instructions from the Parties to Escrow Holder. The Parties shall execute such additional escrow instructions requested by Escrow Holder that are not inconsistent with the provisions of this Contract. In the event of any alleged failure of performance of either Buyer or Seller, nothing in this paragraph shall require Escrow Holder to interpret or enforce this Contract or to make any determination as to the ownership of, or interest in, any deposited funds. Funds deposited with the Escrow Holder shall not be released unless agreed to in writing by both Parties or pursuant to court or arbitrator's order.

**B. PROPERTY TAX, OTHER PRORATIONS:** Currently assessed property taxes (as well as supplemental taxes) shall be paid as follows: (1) for periods prior to Close of Escrow, by Seller, and (2) for periods after Close of Escrow, by Buyer,

Buyer's Initials ( ) ( )                                    Seller's Initials (_____) ( )

Property: ___ 88 Isabella Ave _____ Atherton ___ Date __8/12/2014__

At Buyer's request, Seller shall Deliver a copy of Seller's most recent tax bill. Interest on any loan assumed by Buyer, as well as any Homeowners Association dues, rents, and premiums on insurance assumed by Buyer, shall be prorated as of the Close of Escrow. Seller shall pay the cost of county real property transfer tax. Buyer and Seller shall equally divide and pay the cost of any city transfer tax and transfer fee imposed by a municipality.

C. **PUBLIC IMPROVEMENT BONDS, ASSESSMENTS, PROPERTY TAXES:** Bonds and assessments (e.g., Mello-Roos, 1915 Improvement Bonds) levied by special assessment districts now a lien shall be paid current by Seller; payments not yet due shall be assumed by Buyer.

## 27. LEGAL NATURE OF THIS CONTRACT:

A. **ENTIRE AGREEMENT; ADDENDA; SIGNATURES:** This Contract is intended by the Parties to be the full and final expression of their agreement and shall not be contradicted by evidence of any prior written agreement or any oral agreement. The captions in this Contract are for reference purposes only. This Contract may not be amended, modified, altered or changed in any respect whatsoever except by a further written agreement, such as an addendum signed by and Delivered to the Parties. All Contract documents and any documents required by this Contract that are transmitted by personal Delivery and documents Delivered by email or facsimile shall be deemed valid substitutes for original documents. Electronic signatures shall be deemed acceptable if in compliance with all applicable laws. If inked signatures are required by third parties (e.g., lender), all Parties agree to cooperate.

B. **FORMS:** Whenever specific PRDS forms are referenced, the Parties may agree to use other, comparable forms.

C. **PARTIES:** The term "Parties" shall collectively mean Buyer and Seller only; the term "Party" shall reference one of the Parties. Buyer and Seller understand, acknowledge and agree that the real estate licensees identified in this Contract are not Parties to this Contract and are thus not responsible or liable for any inability or failure by either Buyer or Seller to fully perform any or all of the terms and conditions of this Contract before or after Close of Escrow.

D. **ACCEPTANCE and DELIVERY:** As used in this Contract, "Acceptance" (alternatively "Accept") shall mean (1) the mutual signing of all written Contract document, including mutually consistent initialing of all paragraphs that require initials by the Parties and (2) "Delivery" (alternatively "Deliver" or "Delivers") to the Parties or their authorized real estate licensees. Delivery can be effectuated in person and/or transmitted by facsimile, electronic or digital means (or □ the acceptable means of Delivery is limited to _____). Paragraphs 30 and 34 identify the Parties (or their authorized real estate licensees) who can receive these transmissions for the purposes of effectuating "Delivery." Acceptance requires, and is only effective upon, personal receipt by the Parties and/or their authorized real estate licensees as specified in Paragraphs 31 and 35. If Broker has received from Buyer any deposit checks, Broker is authorized to arrange for delivery of said deposit checks to the escrow holder.

E. **BINDING AGREEMENT; ASSIGNMENT:** This Contract is binding upon the heirs, executors, administrators, successors and assigns of Buyer and Seller and shall survive Close of Escrow. Neither of the Parties may assign any rights hereunder without the prior written consent of the other Party. Seller hereby conveys to Buyer such assignable rights of action as Seller may have against any and all providers of materials or services relating to the Property and/or included items. Seller shall, within the time frame specified in Paragraph 16, Deliver to Buyer any and all documents in Seller's possession which relate to those assignable rights.

F. **ATTORNEYS' FEES:** In the event of any legal action, arbitration, or other proceeding between Buyer and Seller arising out of this Contract, the prevailing Buyer or Seller shall be awarded reasonable attorneys' fees and all court or arbitration costs in addition to any other judgment or award against the non-prevailing Buyer or Seller.

G. **DISSEMINATION OF INFORMATION:** In the event the Property is listed on the Multiple Listing Service ("MLS"), information concerning status, price, terms, and nature of financing of this transaction shall be disseminated to the MLS (subject to applicable MLS rules and regulations), and may enter the public domain or otherwise become accessible to the public.

H. **LEGAL AND OTHER PROFESSIONAL ADVICE:** The Parties understand, acknowledge and agree that the real estate licensees identified in this Contract are providing real estate advice only and cannot provide any advice that is beyond the scope of their real estate licenses. If any of the Parties want or need legal, tax, title, or other professional advice, those Parties must consult the appropriate professionals.

I. **GOVERNING LAW:** This Contract and all other documents referenced in this Contract shall be governed by, and shall be construed according to, the laws of the State of California. The exclusive venue for any disputes relating to or arising from this Contract shall be the county in which the Property is situated.

J. **RISK OF LOSS:** If the Property's land or improvements are materially damaged prior to Close of Escrow, Buyer shall have the right to Cancel this Contract and recover all of Buyer's deposited funds. If Buyer does not cancel and closes escrow, Buyer shall be entitled to an assignment from Seller of any and all insurance proceeds covering the damage.

K. **TIME:** Time is of the essence in this Contract. Any extensions of Time Frames specified in this Contract must be in writing, signed by the Parties and Delivered to the Parties. Except as otherwise expressly stated, the word "days" shall mean calendar days; "Business Days" shall be defined as Monday through Friday, legal holidays excepted.

Buyer's Initials ( ___ ) ( ___ )

Seller's Initials ( ___ ) ( ___ )

Property: 85 Isabella Ave      Atherton   Date   5/12/2014

L. **EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with all federal, state, and local anti-discrimination laws.

M. **MEGAN'S LAW (Sex Offender Database):** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Website maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

N. **NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES:** This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at http://www.npms.phmsa.dot.gov/. To seek further information about possible transmission pipelines near the property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.

O. **CAPACITY OF PARTIES AND AUTHORITY TO ACT:** One or more of the individuals signing this Contract may be acting on behalf of the actual Party under the terms of a Power of Attorney, or because the Party is an estate, conservatorship, guardianship or a trust. If any of the boxes are checked in Paragraph 31 and/or Paragraph 35, the Parties understand, acknowledge and agree that the signature or initials of that individual signing this Contract or any other transaction documents is not acting in their individual capacity unless expressly specified otherwise. If any of the individuals signing this Contract are acting on behalf of any of the Parties, that individual must deliver to escrow proof of their authority to act on behalf of the designated Parties within 3 (or ☐ if checked _____) business days of the Acceptance of this Contract.

## 28. LIQUIDATED DAMAGES; DEFAULT AND REMEDIES:

A. **LIQUIDATED DAMAGES:** By placing their initials here, Buyer _____ and Seller _____ agree that, in the event failure to complete this purchase is due to Buyer's breach of the Contract and not by reason of a default by Seller, (a) Seller is released from the obligation to sell to Buyer, (b) Seller shall retain Buyer's Deposit paid as Seller's only recourse, and (c) if the Property contains one to four units, one of which Buyer intends to occupy, then any Deposit retained by Seller shall not exceed 3% of the Purchase Price, with any excess promptly returned to Buyer. Each increase in Deposit shall be accompanied by a separately signed Liquidated Damages Provision (PRDS Receipt for Increased Deposit).

B. **BUYER'S DEFAULT:** Should escrow not close due to a default by Buyer, Seller's right to seek damages from Buyer shall be limited pursuant to Paragraph 28A if that paragraph has been initialed by all Parties. If Paragraph 28A is not initialed by all of the Parties, Seller's right to seek damage from the Buyer may not be limited and Buyer may be liable for additional damages including, but not limited to, consequential damages. Regardless of whether the Parties initial Paragraph 28A, the defaulting Buyer may be liable for payment of the brokerage fee.

C. **SELLER'S DEFAULT:** Should escrow not close due to a default by Seller, or if Seller does not otherwise perform under this Contract, Seller may be subject to a claim for specific performance and/or be liable for Buyer's damages including, but not limited to, consequential damages (e.g., temporary housing arrangements, storage costs, etc.) and for payment of the brokerage fee.

D. **OTHER NON-PERFORMANCE:** If either Buyer or Seller fails to perform any aspect of this Contract, the defaulting Party may be liable for the other Party's damages (e.g., consequential damages including, but not limited to, out-of-pocket losses).

## 29. DISPUTE RESOLUTION:

A. **MEDIATION:** Buyer and Seller agree to mediate any disputes between them concerning and/or arising out of this Contract prior to initiating any court action or arbitration. Mediation is a non-binding process in which the Parties (either on their own or represented by an attorney) meet with a neutral mediator. The Parties or their attorneys shall select the mediator. If the Parties cannot agree on a mediator, the Superior Court shall appoint one. Mediation fees shall be paid equally by the Parties. A Buyer or Seller who initiates a lawsuit or arbitration before mediation and/or who refuses or resists mediation shall not be entitled to recover prevailing party attorneys' fees as otherwise allowed in Paragraph 27F. The real estate licensees are not required to participate in mediation.

B. **ARBITRATION OF DISPUTES:** By initialing Paragraph 29B on Page 9, Buyer and Seller agree to submit any disputes between them concerning and/or arising out of this Contract to binding arbitration if those disputes are not resolved by mediation. Arbitration is a dispute resolution process in which the Parties, either on their own or represented by their attorney, submit disputes to a neutral arbitrator. The arbitrator shall be a retired Superior Court judge or a licensed California attorney with at least five years' real estate experience. If the Parties cannot agree on an arbitrator, the Superior Court shall appoint the arbitrator. By agreeing to arbitration, the Parties give up their rights to a trial by judge or jury. The decision of the arbitrator is final and the Parties are giving up their right to appeal, except as provided by California law. Arbitration shall be conducted pursuant to Title 9 of the California Code of Civil Procedure including, but not limited to, the right of discovery under Section 1283.05. The decision of the arbitrator is final and binding on all Parties to the arbitration agreement. The real estate licensees are not required to arbitrate. The Parties are advised to consult with an attorney before agreeing to binding arbitration.

---

Buyer's Initials ( _____ ) ( _____ )            Seller's Initials ( _____ ) ( _____ )

Copyright© 2013 Advanced Real Estate Solutions, Inc.       Page 8 of 10       Form RDS Rev 03/13

Property: ___ 85 Isabella Ave _____   Atherton ___ Date __ 5/12/2014 __

"NOTICE: BY INITIALING IN THE SPACE BELOW, YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW, YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS SUCH RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THIS 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Buyer's Initials ( __ ) ( __ )                    Seller's Initials ( __ ) ( __ )

C. **EXCEPTIONS:** The mediation and/or arbitration provisions do not apply to pursuit of the following procedures and/or remedies: (1) Filing a lawsuit for the purpose of recording a Notice of Pending Action (lis pendens); (2) Seeking an order of attachment, receivership, injunction, or other provisional remedy; (3) Filing or enforcing mechanics liens; (4) Enforcing of rights under a deed of trust; (5) Seeking eviction (Unlawful Detainer) and (6) Requesting relief in Probate Court, Small Claims or Bankruptcy Court. The filing of any of these procedures shall not constitute a waiver of the mediation or arbitration rights.

D. **PARTICIPATION OF REAL ESTATE LICENSEES:** Although the real estate licensees are not required to participate in mediation or arbitration, the real estate licensees may opt to participate in any mediation and/or arbitration with the Parties if the real estate licensees choose to do so when there is a potential claim against the real estate licensees and a demand is made in writing by one or both Parties for the real estate licensees to participate.

30. **OFFER:** This is an offer from the Buyer to purchase the Property. Unless this offer is Accepted by Seller and a signed copy is received by Buyer or by ____ Fred Lam ____ who is authorized to receive it, by ___ 5/18/2014 _____ at __ 1:00 ☐ a.m. ☒ p.m., this offer shall be deemed revoked and the deposit shall be returned. Buyer has read, understands and acknowledges receipt of a copy of this offer. This Contract may be signed in counterpart. The Selling Agent designated below is (or ☐ is not) authorized to receive documents on behalf of Buyer.

Date: 5/18/14 Time: 11:10 Buyer: ___ Kam Tat Limited ___ Signature: _____
                                            (print name)

Date: _____ Time: _____ Buyer: _____ Signature: _____
                                            (print name)

31. **DESIGNATION OF BUYER'S CAPACITY:**

☐ Buyer is taking title in the name of a Trust identified as _____
and the individual(s) signing the transaction documents is the Trustee or the Substituted Trustee of that Trust.

☐ Buyer has authorized _____ ("Attorney-In-Fact") to act on behalf of Buyer pursuant to a valid Power of Attorney dated _____ which enables the Attorney-In-Fact to buy and/or sell real estate on behalf of _____ (name of individual who has signed the Power of Attorney).

☐ Buyer is an estate, conservatorship or guardianship identified as _____
and the individual signing the transactions documents is legally authorized to act on behalf of that estate, conservatorship or guardianship.

Selling Agent is authorized to accept Delivery on behalf of the Buyer by means of any of the contact information below unless otherwise specified in Paragraph 27D.

Date: _____ Selling Office: ___ Intero Real Estate _____ License #: _____

Address: _____ 10275 N. De Anza Blvd, Cupertino, CA 95014 _____

TEL: _____ FAX: _____

Selling Agent: ___ Fred Lam ___ Signature: _____ License #: __ 01881961 __
                (print name)
TEL: ___ (408) 838-3937 ___ FAX: _____ Email: _____

Property: ___ 85 Ysabella Ave ___          Atherton ___ Date ___ 5/12/2014

**32. BROKERAGE FEE:** Listing Broker shall assign to Selling Broker commission compensation in the amount specified in the Multiple Listing Service ("MLS"), provided Selling Broker is a participant of the MLS in which the Property is offered for sale or a reciprocal MLS or, ☒ (if checked), as provided in a separate commission agreement executed by Listing and Selling Brokers. Seller irrevocably assigns to Listing Broker the entirety of the brokerage fees provided for in this transaction. The Parties irrevocably instruct Escrow Holder to disburse said fees to the respective Brokers from the proceeds of the sale at the Close of Escrow. Compensation instructions can be amended or revoked only with the written consent of Listing and Selling Brokers.

**33. ACCEPTANCE SUBJECT TO COUNTER OFFER:** if Seller initials this paragraph ( _MV_ ) and if Seller signs in Paragraph 34, Seller's Acceptance is made conditional upon Buyer's Acceptance of the attached counter offer.

**34. ACCEPTANCE:** Seller Accepts Buyer's offer and agrees to sell the Property to Buyer on the terms and conditions of this Contract. Seller acknowledges receipt of a copy hereof and authorizes Listing Agent to Deliver a signed copy to Buyer. All paragraphs with spaces provided for initials by Buyer and Seller are incorporated into and made a part of this Contract only if the spaces are initialed by all Parties or by some other written agreement. If one Party initials and the other Party does not, there is no agreement between the Parties unless and until a counter offer resolving the inconsistency is executed by the Parties. The Listing Agent designated below is (or ☐ is not) authorized to receive documents on behalf of Seller.

Date: 5/21/2014 Time: 1410 0 Seller: ___ Linden CK Pasture LLC ___ Signature: _____
(print name)

Date: _____ Time: _____ Seller: _____ Signature: _____
(print name)

**35. DESIGNATION OF SELLER'S CAPACITY:**

☐ Title to the Property is held in Trust identified as _____
and the individual(s) signing the transaction documents is the Trustee or the Substituted Trustee of that Trust.

☐ Seller has authorized _____ ("Attorney-In-Fact") to act on behalf of Seller pursuant to a valid Power of Attorney dated _____ which enables the Attorney-In-Fact to buy and/or sell real estate on behalf of _____ (name of individual who has signed the Power of Attorney).

☐ Seller is an estate, conservatorship or guardianship identified as _____
and the individual signing the transactions documents is legally authorized to act on behalf of that estate, conservatorship or guardianship.

Listing Agent, whose contact information is below, and on behalf of Seller, is authorized to accept Delivery, which can be effectuated in person and/or transmitted by facsimile, electronic or digital means (or ☐ the acceptable means of Delivery is limited to _____ ).

Date: _____ Listing Office: _____ Alain Pinel ___          License #: _____

Address: _____ 1550 El Camino Real, Ste. 100 ___          Menlo Park ___ CA ___ 94025

TEL: 650-888-0860   FAX: 650-324-4307

Listing Agent: ___ Mary Gullixson ___ Signature: _Mary Gullixson_   License #: 00373961
(print name)
TEL: (650) 888-0860   FAX: 650-324-4307   Email: MGULLIXSON@APR.COM

**36. NON-ACCEPTANCE:** If Seller initials this paragraph (____._____), Seller affirms that the foregoing offer has been received, considered and not accepted. Date: _____

Exhibit B



| PRDS® COUNTER OFFER No. ___ONE___ |
| :-: |
| Revision Date 10/05     Print Date 10/05 |

www.prdsforms.com



This Counter Offer ("Counter Offer") is made to the proposed Real Estate Purchase Contract ("Contract"), dated ___5/12/2014___
(or ☐ to Counter Offer No._____), between ___Kum Tat Limited___ ("Buyer")
and ___LINDEN OX PASTURE, LLC___ ___Louis M. Cohen, Manager___ ("Seller"),
relating to ___85 Isabella Avenue, Atherton, CA___ ,
City of ___Atherton___, County of ___San Mateo___, CA ("Property").

The maker (Buyer or Seller) of this Counter Offer accepts the above-referenced Contract (or, if indicated, counter offer), subject to the additional terms set forth below. All parties signing this document affirm that they have read its terms and have received a copy thereof. [NOTE: Seller has the right to entertain, and to accept, other offers at any time prior to actual contract formation herein, occasioned by delivery and personal receipt of executed documents.]

1. As to any agreed modification of overall purchase price, the down payment, deposit and loan amounts shall be adjusted proportionally, except as otherwise agreed in writing.

2. **IMPORTANT:** If either the contractual ARBITRATION CLAUSE or the LIQUIDATED DAMAGES CLAUSE is NOT INITIALED BY ALL PARTIES HERETO, that particular clause is EXPRESSLY DELETED FROM THIS CONTRACT.

3. The following addenda are made part of this Counter Offer: ☐ "AS IS"; ☐ Sale of Buyer's Property; ☐ Seller Locating Replacement Property; ☐ Seller Occupancy After Sale; ☐ PRDS Seller and Other Financing; ☐ PRDS Common Interest Development; ☐ Other_____

4. **OTHER TERMS AND CONDITIONS:**

    **See attached Addendum ONE and Confidentiality Agreement.**

5. **COUNTER OFFER; EXPIRATIONS:** Unless this Counter Offer is accepted by the party receiving it and a fully signed copy thereof (whether delivered in person, by mail or by facsimile) is personally received by the party making said Counter Offer, or by ___Mary Gullixson___ (authorized recipient), by ___May 24 2014___ at ___5___ ☐AM/☑PM, this Counter Offer shall be deemed revoked, and the deposit shall be returned.
Date: 5/21/2014   Time: 14:00   Printed name: Louis M. Cohen, Manager  Signature: _____
Date: _____   Time: _____   Printed name: Linden Ox Pasture LLC  Signature: _____

6. **ACCEPTANCE:** The Counter Offer is accepted (if initialed here _____/_____, SUBJECT TO COUNTER OFFER No. ____).
Date: _____   Time: _____   Printed name: _____   Signature: _____
Date: _____   Time: _____   Printed name: _____   Signature: _____

7. **ONLY IF CHECKED HERE ☐,** this is a MULTIPLE COUNTER OFFER: Seller is countering other interested parties *in addition to Buyer*, and it is expressly agreed that contract formation shall require (a) Buyer's acceptance of this document and delivery thereof to Seller (or authorized recipient _____), (b) *Seller's re-execution of this document in the space below* and (c) Delivery to and personal receipt by Buyer (or authorized recipient _____) of the *re-executed* document. Delivery to Buyer or authorized recipient of this re-executed document shall constitute the rejection by Seller of all other pending offers.

    Seller's *re-execution* of accepted Multiple Counter Offer: _____   Date: _____
    Seller's *re-execution* of accepted Multiple Counter Offer: _____   Date: _____

8. By initialing here _____/_____, maker of this Counter Offer (or authorized recipient) acknowledges receipt of a fully accepted copy thereof (or, if Para. 7 applies, Buyer/authorized recipient _____ has received a copy hereof re-executed by Seller).

Copyright© 2005 Advanced Real Estate Solutions, Inc.

Form RCO   Revised 10/05

Instanet Forms



| PRDS® ADDENDUM No. to Counter Offer |
|---|
| Revision Date 10/05      Print Date 10/05 |



This Addendum ("Addendum") is made part of the Real Estate Purchase Contract ("Contract"), dated ___5/12/2014___

(or ☐ Counter Offer No._____), between _____Kum Tat Limited_____ ("Buyer")

and _____LINDEN OX PASTURE, LLC_____ Louis M. Cohen, Manager _____ ("Seller"),

for the purchase of _____85 Isabella Avenue, Atherton, CA_____ ,

City of _____Atherton_____, County of _____San Mateo_____, CA ("Property").

This Addendum is prepared by ☐ Buyer ☒ Seller. Buyer and Seller agree as follows:

1. **Purchase Price is to be THIRTY NINE MILLION FIVE HUNDRED THOUSAND DOLLARS ($39,500,000)  Deposit is to be $1,185,000. Additional Deposit is to be $6,715,000.00.**

2. **RE: Paragraph 5B Additional Items INCLUDED: All items are included including the Audio/Visual equipment EXCEPT all furniture, art work and decorative items.**
   **RE: Paragraph 7 is hereby deleted.**

3. **At Close of Escrow Buyer to pay $3,500,000 for all the furniture in the main residence, guest house, all outdoor furniture and all exercise equipment.**
   **The Irving Penn photos in the lower level will be reproduced and placed in the present frames. The personal property is to be sold "AS IS" with no warranties to condition and/or authenticity provided.**

   **EXCLUDED: The van Gogh in the Dining Room, the 2 Damien Hirst pieces of art, and all art that is not hung, all personal accessories including but not limited to personal photos, books, kitchenware, linens and clothes.**

   **Seller to provide a specific exclusion list within 7 days after acceptance and Buyer to approve list within 7 days after receipt.**

3. **RE: Paragraph 17 Title Insurance and Preliminary Title Report:  Title Company is to be First American Title Company, Menlo Park.**

4. **Buyer and Seller execute the attached Confidentiality Addendum.**

5. **RE: Paragraph 30 Offer: Expiration of Offer is hereby extended until May 22, 2014 at 12 noon.**

Date: _____           Date: _5/21/2014_____

Buyer: _____           Seller: _____
Kum Tat Limited                          LINDEN OX PASTURE, LLC

Buyer: _____           Seller: _____
                                         Louis M. Cohen, Manager

Copyright© 2005 Advanced Real Estate Solutions, Inc.          Form RADDM  Revised 10/05



| PRDS® ADDENDUM No. __CONFIDENTIALITY__ |
| Revision Date 10/05     Print Date 10/05 |



This Addendum ("Addendum") is made part of the Real Estate Purchase Contract ("Contract"), dated ___5/12/2014___
(or ☐ Counter Offer No._____), between ___Kum Tat Limited___ ("Buyer")
and ___LINDEN OX PASTURE, LLC___          Louis M. Cohen, Manager   ("Seller"),
for the purchase of ___95 Isabella Avenue, Atherton, CA___,
City of ___Atherton___, County of ___San Mateo___, CA ("Property").
This Addendum is prepared by ☐ Buyer ☒ Seller. Buyer and Seller agree as follows:

Seller, Buyer and Broker shall at all times keep this transaction, any
documents received from each other, and the identities of the parties hereto
and their successors confidential, except to the extent necessary to (a)
comply with applicable laws, regulations or legal process, (b) carry out the
obligations set forth in this Agreement, (c) to members of the Seller's
immediate family, or (d) to Seller's accountants and attorneys. Any such
disclosure to third parties shall indicate that the information is
confidential and should be so treated by the third party. The provisions of
this Confidentiality Agreement shall survive termination of the foregoing
agreement or consummation of the transaction contemplated therein. The
parties acknowledge that information may be independently disclosed or easily
ascertainable in the public records or in the public domain within the
community.

The prohibition against disclosure of confidential information shall not
apply to information that (a) was in the public domain at the time of
disclosure or thereafter enters the public domain through not breach of this
Agreement by the receiving party; (b) was, at the time of receipt, otherwise
known to the receiving party without restrictions as to use or disclosure;
(c) becomes known to the receiving party from a source other than the
disclosing party without breach of this Confidentiality Agreement by the
recipient; or (d) is developed independently by the receiving party and
without reliance upon confidential information disclosed hereunder

Date: _____          Date: __5/21/2014__

Buyer: _____          Seller: _____
       Kum Tat Limited                 LINDEN OX PASTURE, LLC
Buyer: _____          Seller: _____
                                       Louis M. Cohen, Manager

Copyright® 2005 Advanced Real Estate Solutions, Inc.          Form RADDM Revised 10/05

# Exhibit C



**PRDS® COUNTER OFFER No.** Two (2)
Revision Date 10/05     Print Date 10/05



This Counter Offer ("Counter Offer") is made to the proposed Real Estate Purchase Contract ("Contract"), dated ___**5/12/2014**___

(or ☒ to Counter Offer No. ___Two (1)___ ), between ___**Kum Tat Limited**___ ("Buyer")

and ___**Linden OX Pasture LLC**___ ("Seller"),

relating to ___**85 Izabella Ave**___

City of ___**Atherton**___, County of ___**San Mateo**___, CA ("Property").

The maker (Buyer or Seller) of this Counter Offer accepts the above-referenced Contract (or, if indicated, counter offer), subject to the additional terms set forth below. All parties signing this document affirm that they have read its terms and have received a copy thereof. [NOTE: Seller has the right to entertain, and to accept, other offers at any time prior to actual contract formation herein, occasioned by delivery and personal receipt of executed documents.]

1. As to any agreed modification of overall purchase price, the down payment, deposit and loan amounts shall be adjusted proportionally, except as otherwise agreed in writing.

2. **IMPORTANT:** If either the contractual ARBITRATION CLAUSE or the LIQUIDATED DAMAGES CLAUSE is NOT INITIALED BY ALL PARTIES HERETO, that particular clause is EXPRESSLY DELETED FROM THIS CONTRACT.

3. The following addenda are made part of this Counter Offer: ☐ "AS IS"; ☐ Sale of Buyer's Property; ☐ Seller Locating Replacement Property; ☐ Seller Occupancy After Sale; ☐ PRDS Seller and Other Financing; ☐ PRDS Common Interest Development; ☐ Other _____

4. **OTHER TERMS AND CONDITIONS:**

   1. Purchase price to be Forty One Million Dollars ($41,000,000.00). Deposit to be 3%, and Additional Deposit to be 17% per Purchase Contract Item 2 conditions.
   2. Purchase price to include all furniture and decorative items in the Main Residence, Guest House, and all Outdoor furniture.
   3. Van Gogh, Damien Hirst, and Art work/Paintings including all Artwork that is not hung; and Irving Penn photos are excluded from this Purchase Price.
   4. Seller to provide a specific exclusion and inclusion lists the same day signing Counter Offer No. Two (2) as the Record, and Buyer to review and approve in order to Fully Ratify this Purchase Contract.
   5. Expiration of Offer is hereby extended until May 30, 2014.

5. COUNTER OFFER; EXPIRATIONS: Unless this Counter Offer is accepted by the party receiving it and a fully signed copy thereof (whether delivered in person, by mail or by facsimile) is personally received by the party making said Counter Offer, or by ___Fred Lam___ (authorized recipient), by ___05/30/14___ at ___11:00___ ☒AM/☐PM, this Counter Offer shall be deemed revoked, and the deposit shall be returned.

   Date ___5.1.201___ Time ___X.X3___ Printed name: ___Kum Tat Limited___ Signature: _____

   Date: _____ Time: _____ Printed name: _____ Signature: _____

6. ACCEPTANCE: The Counter Offer is accepted (if initialed here _____/_____), SUBJECT TO COUNTER OFFER No. _____.

   Date: ___5/21/14___ Time: ___4:15 PM___ Printed name: ___Linden OX Pasture LLC___ Signature: _____

   Date: _____ Time: _____ Printed name: _____ Signature: _____

7. *ONLY IF CHECKED HERE* ☐, this is a MULTIPLE COUNTER OFFER: Seller is countering other interested parties *in addition to* Buyer, and it is expressly agreed that contract formation shall require (a) Buyer's acceptance of this document and delivery thereof to Seller (or authorized recipient _____ ), (b) *Seller's re-execution of this document in the space below* and (c) Delivery to and personal receipt by Buyer (or authorized recipient _____ ) of the re-executed document. Delivery to Buyer or authorized recipient of the re-executed document shall constitute the rejection by Seller of all other pending offers.

   Seller's *re-execution* of accepted Multiple Counter Offer: _____ Date: _____

   Seller's *re-execution* of accepted Multiple Counter Offer: _____ Date: _____

8. By initialing here _____/_____, maker of this Counter Offer (or authorized recipient) acknowledges receipt of a fully accepted copy thereof (or, if Para. 7 applies, Buyer/authorized recipient _____ has received a copy hereof re-executed by Seller).

Copyright© 2005 Advanced Real Estate Solutions, Inc.

Form RCO     Revised 10/05

www.prdsforms.com



**PRDS® COUNTER OFFER No. Two (2)**
Revision Date 10/05    Print Date 10/05



This Counter Offer ("Counter Offer") is made to the proposed Real Estate Purchase Contract ("Contract"), dated _____ 5/13/2014
(or ☒ to Counter Offer No. Two (1) ), between ____ Kum Tat Limited _____ ("Buyer")
and _____ Linden OX Pasture LLC _____ ("Seller"),
relating to ____ 88 Isabella Ave _____
City of ____ Atherton ____, County of ____ San Mateo ____, CA ("Property").

The maker (Buyer or Seller) of this Counter Offer accepts the above-referenced Contract (or, if indicated, counter offer), subject to the additional terms set forth below. All parties signing this document affirm that they have read its terms and have received a copy thereof. [NOTE: Seller has the right to entertain, and to accept, other offers at any time prior to actual contract formation herein, occasioned by delivery and personal receipt of executed documents.]

1. As to any agreed modification of overall purchase price, the down payment, deposit and loan amounts shall be adjusted proportionally, except as otherwise agreed in writing.

2. **IMPORTANT:** If either the contractual ARBITRATION CLAUSE or the LIQUIDATED DAMAGES CLAUSE is NOT INITIALED BY ALL PARTIES HERETO, that particular clause is EXPRESSLY DELETED FROM THIS CONTRACT.

3. The following addenda are made part of this Counter Offer: ☐ "AS IS"; ☐ Sale of Buyers Property; ☐ Seller Locating Replacement Property; ☐ Seller Occupancy After Sale; ☐ PRDS Seller and Other Financing; ☐ PRDS Common Interest Development; ☐ Other _____

4. **OTHER TERMS AND CONDITIONS:**
   1. Purchase price to be Forty One Million Dollars ($41,000,000.00).  Deposit to be 3%, and Additional Deposit to be 17% per Purchase Contract Item 2 conditions.
   2. Purchase price to include all furniture and decorative items in the Main Residence, Guest House, and all Outdoor furniture.
   3. Van Gogh, Damien Hirst, and Art work/Paintings including all Artwork that is not hung; and Irving Penn photos are excluded from this Purchase Price.
   4. Seller to provide a specific exclusion and inclusion lists the same day signing Counter Offer No. Two (2) as the Record, and Buyer to review and approve in order to Fully Ratify this Purchase Contract.
   5. Expiration of Offer is hereby extended until May 30, 2014.

5. **COUNTER OFFER; EXPIRATIONS:** Unless this Counter Offer is accepted by the party receiving it and a fully signed copy thereof (whether delivered in person, by mail or by facsimile) is personally received by the party making said Counter Offer, or by ____ Fred Lam ____ (authorized recipient), by ____ 05/30/14 ____ at ____ 11:00 ____ ☒AM/☐PM this Counter Offer shall be deemed revoked, and the deposit shall be returned.
   Date: _5/20/04_ Time: _7:45_ Printed name: Kum Tat Limited    Signature: _____
   Date: _____ Time: ____ Printed name: _____    Signature: _____

6. **ACCEPTANCE:** The Counter Offer is accepted (if initialed here ____), SUBJECT TO COUNTER OFFER No. ___
   Date: _5/27/14_ Time: _4:15 PM_ Printed name: Linden OX Pasture LLC    Signature: _____
   Date: _____ Time: ____ Printed name: _____    Signature: _____

7. **ONLY IF CHECKED HERE ☐,** this is a MULTIPLE COUNTER OFFER: Seller is countering other interested parties *in addition to Buyer,* and it is expressly agreed that contract acceptance shall require (a) Buyer's acceptance of this document and delivery thereof to Seller (or authorized recipient _____, (b) Seller's re-execution of this document in the space below and (c) Delivery to and personal receipt by Buyer (or authorized recipient _____ of the *re-executed* document. Delivery to Buyer or authorized recipient of this re-executed document shall constitute the rejection by Seller of all other pending offers.
   Seller's *re-execution* of accepted Multiple Counter Offer: _____ Date: _____
   Seller's *re-execution* of accepted Multiple Counter Offer: _____ Date: _____

8. By initialing here ____/____, maker of this Counter Offer (or authorized recipient) acknowledges receipt of a fully accepted copy thereof (or, if Para. 7 applies, Buyer/authorized recipient _____ has received a copy hereof re-executed by Seller).

Copyright© 2005 Advanced Real Estate Solutions, Inc.                    Form RCO   Revised 10/05

Exhibit D

DocuSign Envelope ID: D57E1220-7A12-471F-BE7D-AA04E369562F

## PRDS® ADDENDUM No. ___Two (2)___
Revision Date 10/05          Print Date 10/05

This Addendum ("Addendum") is made part of the Real Estate Purchase Contract ("Contract"), dated _____5/12/2014___
(or ☐ Counter Offer No._____ ), between ___Kum Tat Limited_____ ("Buyer")
and _____Linden OX Pasture LLC_____ ("Seller"),
for the purchase of _____85 Isabella Ave_____
City of _____Atherton_____, County of _____San Mateo_____ CA ("Property").
This Addendum is prepared by ☒ Buyer ☐ Seller. Buyer and Seller agree as follows:
**Buyers accepts seller's exclusion list delivered on 5/30/2014, with a purchase price reduction of $500,000.00- total purchase price to be $40,500,000.00. Contract to be fully ratified by acceptance of this addendum.**


Seller hereby rejects this Addendum and terminates negotiations with Buyer.

Linden Ox Pasture, LLC


By: ___DocuSigned by:_____
    _____
    EAE3C8F9BF7F40A...

6/3/2014


Date: _3.6.2014_____  __10__          Date: _____
Buyer: _____          Seller: _____
      Kum Tat Limited                          Linden OX Pasture LLC
Buyer: _____          Seller: _____

Copyright© 2005 Advanced Real Estate Solutions, Inc.          Form RADDM  Revised 10/05



# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** LINDEN OX PASTURE, LLC and DOES 1-
**(AVISO AL DEMANDADO):** 10

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED FILED
SAN MATEO COUNTY

JUN 1 0 2014

Clerk of the Superior Court
By Madeline Apaza
DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:** KUM TAT LIMITED
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Mateo County Superior Court
400 County Center

Redwood City, CA  94063

**CASE NUMBER:**
*(Número del Caso):* CIV 528989

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel L. Casas, Esq. (SBN 116528)          650-948-7200   650-948-7220
Anthony F. Basile, Esq. (SBN 267409)
Casas Riley & Simonian, LLP
Los Altos, CA  94022

DATE:
*(Fecha)* JUN 1 0 2014                    Clerk, by  **M. APAZA**               , Deputy
                                          *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*                                    Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Legal Solutions

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT C**

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|

Daniel L. Casas, Esq. (SBN 116528)
Anthony F. Basile, Esq. (SBN 247409)
Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA  94022
TELEPHONE NO.: 650-948-7200   FAX NO.: 650-948-7220
ATTORNEY FOR *(Name):* Plaintiff

**ENDORSED FILE**
S~

JUN 10 2014

Clerk of the Superior Court
By ___ Madeline Pica

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA  94063 .
BRANCH NAME:

CASE NAME:   Kum Tat Limited v. Linden OX Pasture, LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: CIV 528989 |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [ ] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* Two (2)

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 10, 2014

Daniel L. Casas, Esq. (SBN 116528)                   ▶ X am. Casas
_____                _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). *(Cal. Rules of Court, rule 3.220.)* Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>CA Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)—Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the*
        *case involves an uninsured*
        *motorist claim subject to*
        *arbitration, check this item*
        *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or*
        *toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil*
        *harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer*
            *or wrongful eviction)*
        Contract/Warranty Breach—Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case—Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage *(not provisionally*
        *complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal*
        *drugs, check this item; otherwise,*
        *report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex*
        *case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-*
            *domestic relations)*
        Sister State Judgment
        Administrative Agency Award
            *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified*
        *above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-*
            *harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified*
        *above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief from Late
            Claim
        Other Civil Petition

# EXHIBIT D

RECORDING REQUESTED BY

NAME: Kum Tat Limited

WHEN RECORDED MAIL TO:

NAME:   Daniel L. Casas, Esq.

ADDRESS:   One First Street, Suite 2

CITY/STATE/ZIP: Los Altos, CA  94022

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)

**2014-050254 CONF**
11:29 am 08/10/14 NP Fee: 24.00
Count of pages 4
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

\* R 0 0 0 1 8 6 1 0 9 9 \*

(SPACE ABOVE FOR RECORDER'S USE)

NOTICE OF PENDANCY OF ACTION (LIS PENDENS)
**(DOCUMENT TITLE)**

SEPARATE PAGE, PURSUANT TO CA. GOV'T. CODE 27361.6

1   Daniel L. Casas, Esq. (SBN 116528)
2   Anthony F. Basile, Esq. (SBN 247409)
    CASAS RILEY & SIMONIAN, LLP
3   One First Street, Suite 2
    Los Altos, CA 94022
4   (650) 948-7200
    (650) 948-7220 FAX
5
6   Counsel for Plaintiff Kum Tat Limited

ENDORSED FILED
SAN MATEO COUNTY

JUN 1 0 2014

Clerk of the Superior Court
By ____Madeline Apaza____
DEPUTY CLERK

7
8                       SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF SAN MATEO

10                                          CIV 5 2 8 9 8 9

11                                    Case No.:

12   KUM TAT LIMITED,

13                    Plaintiff         NOTICE OF PENDENCY OF ACTION (LIS
                                        PENDENS)
14   v.

15

16   LINDEN OX PASTURE, LLC and DOES 1-
     10,
17
                     Defendant.
18

19

20   NOTICE IS HEREBY GIVEN that the above-entitled action concerning and affecting real
21
     property as described herein was commenced on June 10, 2014 by the Plaintiff, KUM TAT
22
     LIMITED, against the defendants, LINDEN OX PASTURE, LLC and DOES 1-10, and is
23
     now pending in the above named Court located at 400 County Center, Redwood City,
24
     California, 94063.
25
     //
26   //
27   //
28   //

Casas Riley & Simonian, LLP
One First Street, Suite 2
Los Altos, CA 94022
(650) 948-7200

1   The action affects title to or right to possess the real property at 85 Isabella Avenue, City

2   of Atherton, County of San Mateo, California, legally described as follows:

3

4           PARCEL B, AS SHOWN ON THAT CERTAIN PARCEL MAP

5           ENTITLED, "LANDS OF WHITE TRUST", OF A PORTION OF

6           LOT 2 VALPARAISO PARK (FILED FOR RECORD ON MARCH

7           18, 1891 AS DOCUMENT NO. 94102261), WHICH PARCEL MAP

8           WAS FILED IN THE OFFICE OF THE RECORDER OF THE

9           COUNTY OF SAN MATEO, STATE OF CALIFORNIA ON MARCH

10          16, 2005 PARCEL MAP BOOK 76 AT PAGES 4 AND 5, SAN

11          MATEO COUNTY RECORDS.

12          APN: 070-250-410

13

14   The parties to said action are set forth in the title to the action.

15

16

17                                          CASAS RILEY & SIMONIAN, LLP

18
     Dated: June / 0, 2014            By
19                                          Daniel L. Casas, Esq.
20                                          Anthony F. Basile, Esq.
                                            Casas Riley & Simonian, LLP
21                                          Attorneys for Plaintiff
                                            KUM TAT LIMITED
22

23

24

25

26

27

28

**PROOF OF SERVICE**

    I am employed in the County of Santa Clara, State of California; I am over the age of eighteen years and not a party to the within entitled action; my business address is One First Street, Suite 2, Los Altos, California, 94022-2753.

On June 10, 2014, I served the following document(s):

**NOTICE OF PENDENCY OF ACTION (LIS PENDENS)**

on the following interested parties in said action:

Linden OX Pasture, LLC               Ms. Mary Gullixson
c/o: Agent for Service of Process:       Alain Pinel Realtors
Corporate Creations Network, Inc.      1550 El Camino Real, Suite 100
3411 Silverside Road, #104          Menlo Park, CA 94025
Rodney Building
Wilmington, DE  19810

by using the following form of service:

__X__  (VIA CERTIFIED MAIL) I placed a true copy of the above-referenced documents in a sealed envelope, to be mailed as certified mail, with postage thereon fully prepaid; I caused the envelope to be deposited in the mail at Los Altos, California in accordance with the standard practice of Casas Riley & Simonian, LLP for collection and processing of correspondence for mailing.  I am familiar with the firm's practice for collection and processing of correspondence for mailing.  Under that practice, mail is deposited, with postage thereon fully prepaid, with the U.S. Postal Service on the same day in the ordinary course of business.

    I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 10, 2014, at Los Altos, California.


_____
Nicole Svoboda

# EXHIBIT E

NOTICE OF CASE MANAGEMENT CONFERENCE

ENDORSED FILED
SAN MATEO COUNTY

JUN 10 2014

Clerk of the Superior Court
By___Madeline Apaza_____

Kum Tat Limited

vs.

Linden & Pastoro, LLC

Case No: _____CIV528089_____

Date: __10-10-14__

Time 9:00 a.m.

Dept. _____   --on Tuesday & Thursday
Dept. __7__   --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1.  In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a)  Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

    b)  Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c)  File and serve a completed Case Management Statement at least 15-days before the Case Management Conference (CRC 212(g)). Failure to do so may result in monetary sanctions.

    d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212'fn no later than 30-days before the date set for the Case Management Conference.

2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.  Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.  Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5.  If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.  The Case Management judge will issue orders at the conclusion of the conference that may include:

    a)  Referring parties to voluntary ADR and setting an ADR completion date;

    b)  Dismissing or severing claims or parties;

    c)  Setting a trial date.

8.  The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

**EXHIBIT F**

1  JEFFREY L. FILLERUP (SBN 120543)
   jfillerup@mckennalong.com
2  ANDREW S. AZARMI (SBN 241407)
   aazarmi@mckennalong.com
3  McKENNA LONG & ALDRIDGE LLP
   One Market Plaza, Spear Tower, 24th Floor
4  San Francisco, California 94105
   Telephone:   415.267.4000
5  Facsimile:   415.267.4198

6  Attorneys for Defendant LINDEN OX
   PASTURE, LLC
7

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 19 2014

Clerk of the Superior Court
By      UNA FINAU
           DEPUTY CLERK

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11  KUM TAT LIMITED,                      Case No. CIV528989

12          Plaintiff,                    **DEFENDANT LINDEN OX PASTURE,**
                                          **LLC'S ANSWER TO COMPLAINT**
13      v.

14  LINDEN OX PASTURE, LLC and DOES       BY FAX
    1-10,
15                                        Action Filed:   June 10, 2014
            Defendants.
16

17

18

19          Defendant **LINDEN OX PASTURE, LLC** ("Defendant" or "Linden") hereby answers

20  Plaintiff KUM TAT LIMITED'S ("Plaintiff") Complaint (the "Complaint") as follows:

21                              **GENERAL DENIAL**

22          Pursuant to California Code of Civil Procedure section 431.30 and related provisions,

23  Defendant Linden denies generally and specifically each, every and all of the allegations of the

24  Complaint and the whole thereof, and Linden denies any and all damages that are claimed or

25  alleged against it in the Complaint.

26                                **DEFENSES**

27          Defendant submits the following defenses to the Complaint and to each cause of action

28  contained therein:

McKENNA LONG &
ALDRIDGE LLP
SAN FRANCISCO

                                          1
                  LINDEN OX PASTURE, LLC'S ANSWER TO COMPLAINT

1

## FIRST AFFIRMATIVE DEFENSE

2

(Failure to State a Cause of Action)

3      Plaintiff, and each and every cause of action as alleged in the Complaint, fails to state facts

4    sufficient to constitute a cause of action against Defendant.

5

## SECOND AFFIRMATIVE DEFENSE

6

(Uncertainty)

7      Plaintiff's alleged damages, if any, are uncertain, speculative, and not capable of being

8    determined by a finder of fact, and are not supported by law or equity.

9

## THIRD AFFIRMATIVE DEFENSE

10

(Absence of Duty)

11      There is no factual or legal basis for the duties alleged against Defendant in the Complaint,

12    and even if there were any of the duties alleged in the Complaint, Defendant did not breach any

13    such duties.

14

## FOURTH AFFIRMATIVE DEFENSE

15

(No Implied Covenant)

16      Defendant did not owe Plaintiff any implied covenant, and even if there were any implied

17    covenant it was not breached.

18

## FIFTH AFFIRMATIVE DEFENSE

19

(Prevention of Performance)

20      Plaintiff is barred and precluded from any recovery in this action by the doctrine of

21    prevention of performance.

22

## SIXTH AFFIRMATIVE DEFENSE

23

(Estoppel)

24      Plaintiff has engaged in conduct, activities and/or omissions by reason of which he is

25    estopped to assert any claim or cause of action against Defendant.

26

## SEVENTH AFFIRMATIVE DEFENSE

27

(Accord and Satisfaction)

28      Plaintiff is barred from pursuing the causes of action set forth in the Complaint due to

1  accord and satisfaction.

2  ### EIGHTH AFFIRMATIVE DEFENSE

3  #### (Novation)

4  Plaintiff is barred from pursuing the causes of action set forth in the Complaint due to

5  novation.

6  ### NINTH AFFIRMATIVE DEFENSE

7  #### (Waiver and Laches)

8  Plaintiff's claims are barred in whole or part based upon the doctrines of waiver and/or

9  laches.

10  ### TENTH AFFIRMATIVE DEFENSE

11  #### (Inequitable Conduct)

12  Plaintiff's claims are barred in whole or part by the inequitable conduct engaged in by

13  Plaintiff and its agents in contending that a contract was formed, while at the same time

14  negotiating different terms of the alleged contract.

15  ### ELEVENTH AFFIRMATIVE DEFENSE

16  #### (Failure to Mitigate)

17  Any and all recovery by Plaintiff, if any, is barred by virtue of Plaintiff's failure to

18  properly mitigate his own alleged damages, if any.

19  ### TWELFTH AFFIRMATIVE DEFENSE

20  #### (Unjust Enrichment)

21  Any and all recovery by Plaintiff, if any, would be unjust and inequitable under the

22  circumstances of this case.

23  ### THIRTEENTH AFFIRMATIVE DEFENSE

24  #### (Ratification/Acquiescence)

25  Plaintiff, by his conduct, has approved, ratified and/or acquiesced to the conduct of

26  Defendant, and is therefore barred from maintaining this action.

27  ### FOURTEENTH AFFIRMATIVE DEFENSE

28  #### (Justifiable Reliance of No Contract)

1      Plaintiff's causes of action are barred based on the Plaintiff's conduct in communicating to

2  Linden that there was no contract and causing Linden to justifiably rely on the same and causing

3  Linden to seek a sale to another buyer.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Third Parties)

6      Plaintiff's damages, if any, allegedly caused by Defendant were caused, in whole or in

7  part, by third parties and not by Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Contributory Fault and Breach by Plaintiff)

10     Without admitting that Plaintiff was in any way damaged by the actions of Defendant, the

11  loss, if any, sustained by Plaintiff was proximately caused and contributed to by the negligence,

12  improper conduct, or intervening acts of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Cause in Fact or Proximate Cause)

15     No acts or omissions of Defendant were the cause in fact or proximate cause of Plaintiff's

16  damages, if Plaintiff suffered any damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

19     Plaintiff has engaged in careless, negligent, and other wrongful conduct, and should

20  therefore be barred from recovering any relief against Defendant by the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Release)

23     Any purported obligations alleged in the Complaint which Defendant may have owed to

24  Plaintiff have been released.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Duty to Perform)

27     Defendant's duty to perform, if any, was either excused, rescinded and/or extinguished

28  through the acts or omissions of Plaintiff.

1 | TWENTY-FIRST AFFIRMATIVE DEFENSE

2 | (Parol Evidence Rule)

3 |     Plaintiff is barred from pursuing certain causes of action set forth in the Complaint due to

4 | the parol evidence rule.

5 | TWENTY-SECOND AFFIRMATIVE DEFENSE

6 | (Statute of Frauds)

7 | Plaintiff's claims are barred in whole or part by the statute of frauds doctrine.

8 | TWENTY-THIRD AFFIRMATIVE DEFENSE

9 | (Lack of Reasonable Reliance)

10 |     The Plaintiff's claims are barred in whole or part because there was no reasonable reliance

11 | on the part of the Plaintiff.

12 | TWENTY-FOURTH AFFIRMATIVE DEFENSE

13 | (Knowledge)

14 |     Plaintiff's claims are barred in whole or part based on the knowledge of the Plaintiff and/or

15 | the knowledge of the Plaintiff's agents in connection with the facts alleged in the Complaint.

16 | TWENTY-FIFTH AFFIRMATIVE DEFENSE

17 | (Reservation)

18 |     Defendant reserves the right to plead such other affirmative defenses as it becomes aware

19 | of during discovery in this case.

20 |

21 |     WHEREFORE, Defendant Linden Ox Pasture, LLC ("Linden") prays for judgment in its

22 | favor and against the Plaintiff, as follows:

23 |     A.    That the Complaint and every cause of action against Linden be dismissed with

24 | prejudice;

25 |     B.    That Plaintiff take nothing by way of the allegations contained in its Complaint

26 | against Linden;

27 | ///

28 | ///

1    C.      That Linden  be awarded its attorney's fees and costs of suit herein; and

2    D.      For such other and further  relief as the Court deems just and proper.

3

4  DATED:  June 18, 2014             McKENNA LONG & ALDRIDGE LLP

5

6                         By:

7                            Attorneys for Defendant Linden Ox Pasture, LLC

8

9  USW 804554135.2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINDEN OX PASTURE, LLC'S ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2 Kum Tat Limited v. Linden Ox Pasture, LLC, Case No. CIV 528989

3        At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of San Francisco, State of California.  My business address is One Market
4 Plaza, Spear Tower, 24th Floor, San Francisco, CA 94105.

5        On June 18, 2014, I served true copies of the following document(s) described as:

6 **DEFENDANT LINDEN OX PASTURE, LLC'S ANSWER TO COMPLAINT**

7 on the interested parties in this action as follows:

8                        **SEE ATTACHED SERVICE LIST**

9        **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
10 mailing, following our ordinary business practices.  I am readily familiar with McKenna Long &
Aldridge LLP's practice for collecting and processing correspondence for mailing.  On the same
11 day that the correspondence is placed for collection and mailing, it is deposited in the ordinary
course of business with the United States Postal Service, in a sealed envelope with postage fully
12 prepaid.

13        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

14

15        Executed on June 18, 2014, at San Francisco, California.

16

17 _____
Tracy Mover

18

19

20

21

22

23

24

25

26

27

28

McKENNA LONG &
ALDRIDGE LLP
SAN FRANCISCO

1

2

**SERVICE LIST**
**Kum Tat Limited v. Linden Ox Pasture, LLC**
**CIV 528989**

3
Daniel L. Casas, Esq.                                      Attorneys for Plaintiff
Anthony F. Basile, Esq.                                    Telephone:  650.948.7200
4   **CASAS RILEY & SIMONIAN, LLP**                        Facsimile:  650.948.7220
One First Street, Suite 2
5   Los Altos, CA  94022

6

7   USW 804558144.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT G

1  JEFFREY L. FILLERUP (SBN 120543)
   jfillerup@mckennalong.com
2  ANDREW S. AZARMI (SBN 241407)
   aazarmi@mckennalong.com
3  McKENNA LONG & ALDRIDGE LLP
   One Market Plaza, Spear Tower, 24th Floor
4  San Francisco, California 94105
   Telephone:    415.267.4000
5  Facsimile:    415.267.4198

6  Attorneys for Defendant LINDEN OX
   PASTURE, LLC
7

ENDORSED FILED
SAN MATEO COUNTY

JUN 19 2014

Clerk of the Superior Court
By UNA FINAU
DEPUTY CLERK

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10  KUM TAT LIMITED,                        Case No. CIV528989

11              Plaintiff,

12       v.

13  LINDEN OX PASTURE, LLC and DOES
    1-10,                                    Action Filed:    June 10, 2014
14
                Defendants.
15

16  LINDEN OX PASTURE, LLC,                  CROSS-COMPLAINT OF LINDEN OX
                                             PASTURE, LLC
17              Cross-Complainant,

18       v.                                              BY FAX

19  KUM TAT LIMITED; ROES 1-10,

20              Cross-Defendants.

21

22       For its Cross-Complaint against Kum Tat Limited, Cross-Complainant Linden OX Pasture,

23  LLC alleges, as follows:

24       1.      Defendant/Cross-Complainant Linden Ox Pasture, LLC ("Cross-Complainant") is a

25  limited liability company formed under the laws of Delaware.

26       2.      Plaintiff/Cross-Defendant Kum Tat Limited ("Cross-Defendant") is a corporation

27  registered in the British Virgin Islands, with its principal place of business in China.

28       3.      The true names and capacities, whether individual, corporate, partnership,

McKENNA LONG &
ALDRIDGE LLP
SAN FRANCISCO

                            1
              CROSS-COMPLAINT OF LINDEN OX PASTURE, LLC

1   associates, or otherwise, of the cross-defendants named herein as ROE 1 through ROE 10,

2   inclusive, are presently unknown to Cross-Complainant, which therefore is suing these cross-

3   defendants by fictitious names. Cross-Complainant will amend this Cross-Complaint to show

4   their true names and capacities when Cross-Complainants discover those true names and

5   capacities.

6        4.     Cross-Complainant is informed and believes that at all relevant times herein that

7   each cross-defendant was the agent, servant and employee of the remaining cross-defendants, or

8   acted with their consent, ratification or authorization, and in doing the acts hereinafter alleged,

9   each cross-defendant acted in such capacity with respect to the remaining cross-defendants.

10       5.     Cross-Complainant is the owner of the residential real property alleged in the

11   complaint in this action ("Complaint"), which is located at 85 Isabella Avenue, Atherton,

12   California (the "Property").

13       6.     In May and June, 2014, Cross-Complainant's real estate agent, Mary Gullixson of

14   Alain Pinel Realtors, marketed the Property for sale and engaged in negotiations with multiple

15   potential buyers of the Property.

16       7.     Ms. Gullixson engaged in negotiations with a real estate agent representing the

17   Plaintiff/Cross-Defendant, Fred Lam of Intero Real Estate Services, in May and June, 2014. Mr.

18   Lam was negotiating with Ms. Gullixson for Plaintiff/Cross-Defendant's potential purchase of the

19   Property.

20       8.     In spite of the negotiations between Ms. Gullixson and Mr. Lam, Cross-Defendant

21   and Cross-Complainant never entered into a contract for the sale of the Property to Cross-

22   Defendant.

23       9.     The documents attached as exhibits to Plaintiff/Cross-Defendant's Complaint

24   establish that there was never a contract for the Cross-Defendant to purchase the Property from

25   Cross-Complainant. Paragraphs 10 and 11 of Plaintiff/Cross-Defendant's Complaint alleges that

26   a contract was formed on May 27, 2014, however, the terms of Exhibit C to the Complaint proves

27   that no contract was formed on May 27, 2014. Paragraph 4.4 of Exhibit C to the Complaint was

28   written by Cross-Defendant's agent, Mr. Lam, and states: "4. Seller [Cross-Complainant] to

provide a specific exclusion and inclusion lists the same day signing Counter Offer No. Two (2) as the Record, and Buyer [Cross-Defendant] to review and approve in order to Fully Ratify this Purchase Contract." According to Exhibit C to the Complaint, there was no agreement on the specific property to be sold or the purchase price as of May 27, 2014.

10. Plaintiff/Cross-Defendant failed to attach as exhibits to the Complaint documents establishing that there was never a contract formed between Cross-Defendant and Cross-Complainant regarding the sale of the Property to Plaintiff/Cross-Defendant at any time before or after May 27, 2014.

11. On or about May 30, 2014, Cross-Complainant's agent, Ms. Gullixson, provided Cross-Defendant's agent, Fred Lam, with exclusion and inclusion lists. Cross-Defendant never accepted those lists, and there was never an agreement reached between Cross-Defendant and Cross-Complainant regarding the contents of the exclusion and inclusion lists. Plaintiff/Cross-Defendant did not attach as exhibits to the Complaint the documents showing that there was never an agreement reached regarding the property to be sold by Cross-Complainant to Cross-Defendant.

12. As of May 30, 2014, there was no contract formed regarding Cross-Defendant's purchase of the property from Cross-Complainant.

13. On June 2, 2014, there was still no contract in place, and the scope of the property to be sold and price were still indeterminate. On June 2, 2014, Ms. Gullixson emailed Cross-Defendant's real estate agent, Mr. Lam, to inquire as to the status of Cross-Defendant's response to the exclusion and inclusion lists. Mr. Lam responded by stating that Cross-Defendant would be making a new counter-offer to Cross-Complainant. That new counter-offer is Exhibit D to the Complaint. Cross-Defendant's new counter-offer states: "Buyers [Cross-Defendant] accepts seller's [Cross-Complainant] exclusion and inclusion list delivered on 5/30/2014, with a purchase price reduction of $500,000.00—total purchase price to be $40,500,000.00. Contract to be fully ratified by acceptance of this addendum." Mr. Lam admitted that this addition was a "counter-offer". Mr. Lam sent an email at 3:34 p.m. on June 2, 2014 stating: "I did not use Counter Offer [form], because we are not supposed to count ourselves." Ms. Gullixson responded with

1   an email at 3:43 p.m., asking "What do you mean we are not supposed to count ourselves?"  Mr.

2   Lam  responded with an email at 6:32 p.m. explaining that Cross-Defendant was disapproving

3   Cross-Complainant's exclusion list, and would be sending Cross-Complainant a new counter-offer

4   to be called an "addendum," with a reduced purchase price.  Mr. Lam's 6:32 p.m.  email states:

5

6                The buyer is now exercising the 'review and approve' clause and
                 disapproved the exclusion list by requesting a small reduction of

7                Purchase Price.  Consequently, the buyer is making correction to the
                 Purchase Price in Counter Offer No. 2, therefore I believe an

8                Addendum to reduce the Purchase Price from $41,000,000 in
                 Counter Offer No. Two (2) to $40,500,000 is a better way than

9                counting his own Counter Offer.

10      14.     Cross-Defendant and Cross-Complainant had  never reached an agreement on the

11   specific property to be sold as of June 2, 2014.

12      15.     Cross-Defendant and Cross-Complainant had never reached an agreement on the

13   price to be paid as of June 2, 1014.

14      16.     As of June 2, 2014, there was no contract formed regarding Cross-Defendant's

15   purchase of the property from Cross-Complainant.

16

17      17.     Cross-Complainant did not accept Cross-Defendant's June 2, 2014 counter-offer.
   On June 3, 2014, Cross-Complainant sent a rejection to Mr. Lam stating:   "Seller [Cross-

18   Complainant] hereby rejects this Addendum and terminates negotiations with Buyer [Cross-

19   Defendant]." Exhibit D to the Complaint contains  Cross-Complainant's rejection of Cross-

20   Defendant's June 2, 2014 counter-offer.

21      18.     As of  June 3, 2014, there was no contract between Cross-Defendant and Cross-

22   Complainant for Cross-Defendant to purchase the Property.

23      19.     There were no further negotiations after June 3, 2014  between Cross-Defendant

24   and Cross-Complainant for Cross-Defendant to  purchase of the Property.

25      20.     Cross-Defendant and Cross-Complainant have never entered into a contract for

26   Cross-Defendant to purchase the Property.

27

28

21.     After Cross-Complainant rejected Cross-Defendant's June 2, 2014 counter-offer, Cross-Defendant entered into a contract to sell the Property to a third party.

22.     Cross-Defendant subsequently filed its Complaint and recorded a Notice of Pendency of Action against the Property.  The recorded Notice of Pendency of Action has prevented Cross-Complainant from closing on its contract to sell the Property to the third-party buyer.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief)**

(Against all Cross-Defendants)

23.     Cross-Complainant realleges and incorporates herein paragraphs 1 through 22, inclusive, by this reference as though set forth in full.

24.     An actual controversy has arisen and now exists between Cross-Complainant and Cross-Defendant in that Cross-Defendant contends that it is contractually entitled to purchase the Property and that it is entitled to specific performance, and Cross-Complainant denies and disputes this contention.

25.     Cross-Complainant desires a judicial determination of the rights and obligations of Cross-Complainant and Cross-Defendant with respect to the Property and the contentions raised in the Plaintiff/Cross-Defendant's  Complaint, and a declaration that Cross-Complainant owns the Property and Cross-Defendant does not have any contractual right to purchase the Property.  A judicial declaration is necessary and proper at this time in order that all parties may ascertain their rights.

26.     Cross-Complainant seeks to recover its costs and attorney's fees in connection with its Cross-Complaint for declaratory relief, as well as any other relief that is awardable to Cross-Complainant.

**SECOND CAUSE OF ACTION**

**(Quiet Title)**

(Against all Cross-Defendants)

27.     Cross-Complainant realleges and incorporates herein paragraphs 1 through 22,

1 inclusive, by this reference as though set forth in full.

2       28.    Cross-Complainant is the sole owner of the Property.

3       29.    Cross-Defendant claims an interest adverse to Cross-Complainant in the Property,

4 based on alleged contractual rights that Cross-Complainant contends do not in fact exist.

5       30.    Cross-Complainant is seeking to quiet title against the claims of Cross-Defendant.

6 Cross-Defendant's claims are without merit or rights whatsoever and Cross-Defendant has no

7 right, title, estate, lien, or interest whatsoever in the Property or any part thereof.

8       31.    Cross-Complainant is seeking to quiet title as of June 18, 2014.

9 **PRAYER FOR RELIEF**

10     WHEREFORE, Cross-Complainant prays for relief and judgment in its favor and against

11 Cross-Defendants, and each of them, as follows:

12       A.    For a declaration that Cross-Complainant owns the Property, that there was never

13 any contract entered into between Cross-Complainant and Cross-Defendant, and that Cross-

14 Defendant does not have any right to or interest in the Property;

15       B.    For a judgment that quiets title in the name of Cross-Complainant, and finding that

16 Cross-Complainant is the sole owner of the Property;

17       C.    For compensatory damages;

18       D.    For exemplary and punitive damages;

19       E.    For special damages in an amount to be determined at trial, but in any event in

20 excess of the jurisdictional limit of the Court, plus interest on all such amounts at the legal rate

21 from the date such damages were incurred;

22       F.    For judgment for costs of suit, including attorney's fees; and

23       G.    For such other relief as is fair, just, and equitable.

24

25

26

27

28

1    DATED:  June 18, 2014           McKENNA LONG & ALDRIDGE LLP

2

3                      By:

4                          Attorneys for Defendant and Cross-Complainant

5                          Linden Ox Pasture, LLC

6   USW 804554243.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2   Kum Tat Limited v. Linden Ox Pasture, LLC, Case No. CIV 528989

3          At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of San Francisco, State of California.  My business address is One Market
4   Plaza, Spear Tower, 24th Floor, San Francisco, CA 94105.

5          On June 18, 2014, I served true copies of the following document(s) described as:

6   **CROSS-COMPLAINT OF LINDEN OX PASTURE, LLC**

7   on the interested parties in this action as follows:

8                              **SEE ATTACHED SERVICE LIST**

9          **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
10   mailing, following our ordinary business practices.  I am readily familiar with McKenna Long &
Aldridge LLP's practice for collecting and processing correspondence for mailing.  On the same
11   day that the correspondence is placed for collection and mailing, it is deposited in the ordinary
course of business with the United States Postal Service, in a sealed envelope with postage fully
12   prepaid.

13          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

14
         Executed on June 18, 2014, at San Francisco, California.
15

16

17   Tracy Moyer

18

19

20

21

22

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
San Francisco

**SERVICE LIST**
**Kum Tat Limited v. Linden Ox Pasture, LLC**
**CIV 528989**

Daniel L. Casas, Esq.                          Attorneys for Plaintiff
Anthony F. Basile, Esq.                        Telephone:  650.948.7200
**CASAS RILEY & SIMONIAN, LLP**      Facsimile:  650.948.7220
One First Street, Suite 2
Los Altos, CA  94022

USW 804558144.1

1

**CERTIFICATE OF SERVICE**

2   Kum Tat Limited v. Linden Ox Pasture, LLC

3   United States District Court – Northern Division

4     At the time of service, I was over 18 years of age and **not a party to this action**. I am
employed in the County of San Francisco, State of California. My business address is One Market
5   Plaza, Spear Tower, 24th Floor, San Francisco, CA 94105.

6     On June 20, 2014, I served true copies of the following document(s) described as:

7   **NOTICE OF REMOVAL BY DEFENDANT LINDEN OX PASTURE, LLC**

8   on the interested parties in this action as follows:

9   **SEE ATTACHED SERVICE LIST**

10    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
11  mailing, following our ordinary business practices. I am readily familiar with McKenna Long &
Aldridge LLP's practice for collecting and processing correspondence for mailing. On the same
12  day that the correspondence is placed for collection and mailing, it is deposited in the ordinary
course of business with the United States Postal Service, in a sealed envelope with postage fully
13  prepaid.

14    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
15
  Executed on June 20, 2014 at San Francisco, California.
16

17

18  Tracy Moyer

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
**Kum Tat Limited v. Linden Ox Pasture, LLC**
2
**United States District Court – Northern Division**

3 | Daniel L. Casas, Esq.           | Attorneys for Plaintiff
  | Anthony F. Basile, Esq.         | Telephone:  650.948.7200
4 | **CASAS RILEY & SIMONIAN, LLP** | Facsimile:  650.948.7220
  | One First Street, Suite 2
5 | Los Altos, CA  94022

6

7   USW 804561227.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28