UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUM TAT LIMITED,<br><br>                Plaintiff,<br><br>     v.<br><br>LINDEN OX PASTURE, LLC,<br><br>                Defendant. | Case No. 14-cv-02857-WHO<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 23 |

## INTRODUCTION

This action arises from a contract dispute between Plaintiff Kum Tat Limited ("Kum Tat") and Defendant Linden Ox Pasture, LLC ("Linden Ox"). After Kum Tat sued Linden Ox in the Superior Court of California, San Mateo County for breach of contract and specific performance, Linden Ox removed the case to federal court. Kum Tat filed a motion to remand, arguing this Court lacks jurisdiction on four grounds: (1) Linden Ox has failed to present sufficient evidence of diversity jurisdiction; (2) Linden Ox waived its right to remove by filing a cross-complaint in state court; (3) Linden Ox agreed to resolve all disputes involving the alleged contract in binding arbitration; and (4) the "prior exclusive jurisdiction" doctrine prohibits this Court from exercising jurisdiction over the case. Kum Tat is wrong on all counts, and its motion to remand is DENIED.

## BACKGROUND

Kum Tat is a corporation registered in the British Virgin Islands. Compl. ¶ 1 (Dkt. No. 1 Ex. A). Linden Ox is a limited liability company whose only member lives in Florida. Notice of Removal ("Notice") ¶¶ 12-13 (Dkt. No. 1). Kum Tat alleges that on May 27, 2014, the parties entered a contract according to which Linden Ox agreed to sell Kum Tat a residential property located in Atherton, California for approximately $41 million. Compl. ¶ 11. Linden Ox subsequently terminated the contract and agreed to sell the property to a third-party. Compl. ¶¶

12-15.

On June 10, 2014, Kum Tat sued Linden Ox in San Mateo County Superior Court, alleging causes of action for breach of contract and specific performance. Compl. ¶¶ 6-23. Kum Tat also filed a Notice of Pendency of Action (Lis Pendens) against the property. Dkt. No. 1 Ex. D. On June 19, 2014, Linden Ox filed an answer and a cross-complaint seeking declaratory relief and quiet title. Dkt. No. 1 Exs. F, G. Linden Ox filed its removal notice the following day.

## GENERAL STANDARDS FOR REMOVAL AND REMAND

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). Removal is generally based on the existence of either federal-question jurisdiction or diversity jurisdiction. Federal question jurisdiction exists where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). A defendant desiring removal must file in the appropriate United States district court a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" thus far served upon the defendant in the action. 28 U.S.C. § 1446.

If at any time following removal, it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction;" accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (internal quotation marks and citations omitted). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving, by a preponderance of the evidence, that removal was proper. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus,* 980 F.2d at 566. Whether removal was proper is determined primarily on the basis of the pleadings at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). However, the court may also

consider affidavits or other "summary-judgment-type evidence" submitted after the defendant's motion to remand is filed. *Singer*, 116 F.3d at 377; *see also, Altamirano v. Shaw Indus., Inc.*, No. 13-00939-EMC, 2013 WL 2950600 at *3 (N.D. Cal. June 14, 2013) ("A court may properly consider evidence the removing party submits in its opposition to remand, even if this evidence was not submitted with the original removal petition.").

**DISCUSSION**

**I.    SUFFICIENCY OF THE EVIDENCE OF DIVERSITY JURISDICTION**

Kum Tat contends that Linden Ox has not sufficiently demonstrated diversity of citizenship between the parties, because Linden Ox has not presented sufficient evidence either of its own or of Kum Tat's citizenship. Mot. 7; Reply 1-4. I disagree.

For the purposes of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), the citizenship of a limited liability company is determined by the citizenship of its individual members. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006). An individual's citizenship, in turn, is determined by his state of domicile. A person is domiciled in the state where he has "established a fixed habitation or abode in a particular place" and "intends to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). A person's place of residence is prima facie evidence of his domicile. *Bergman v. Bank of Am.*, No. 13-cv-00741-JCS, 2013 WL 5863057 at *1 (N.D. Cal. Oct. 23, 2013).

A corporation's citizenship is determined in two ways: (1) by the state in which it was organized or incorporated; and (2) by the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). This rule is equally applicable to foreign corporations – i.e., corporations created under the laws of a foreign state. *See Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 772 (9th Cir. 1992). Thus, for example, a corporation incorporated in Switzerland with its principal place of business in California is a citizen of both Switzerland and California, *see id.* at 773-74, while a corporation incorporated in Brazil with its principal place of business in Japan would be a citizen of both Brazil and Japan.

Through its notice of removal and a declaration by its manager, Louis C. Cohen, Linden Ox submitted the following information concerning its own citizenship: Linden Ox has only one

3

member, the James H. Clark Revocable Trust. Notice ¶ 13; Cohen Decl. ¶ 4 (Dkt. No. 35-1). James H. Clark is the trust's sole trustee. Notice ¶ 13; Cohen Decl. ¶ 4. Clark is both a citizen and a permanent resident of Florida, where he has resided for over ten years. Notice ¶ 13; Cohen Decl. ¶ 5. Clark's federal tax returns show Florida as Clark's state of residence. Notice ¶ 13; Cohen Decl. ¶ 5. Clark also owns a home in Florida and votes in Florida. Notice ¶ 13; Cohen Decl. ¶ 5.

As to Kum Tat's citizenship, Kum Tat states in its own complaint that it is a corporation registered in the British Virgin Islands, and Linden Ox's notice of removal states the same. Compl. ¶ 1; Notice ¶ 9. The notice of removal also states that Kum Tat's principal place of business is in China. Notice ¶ 9.

Kum Tat does not point to any evidence that contradicts or casts doubt on any of the information presented by Linden Ox. It merely argues that the information is insufficient to prove diversity jurisdiction. Mot. 7; Reply 1-4. Kum Tat's argument boils down to the proposition that Linden Ox is required to present "summary-judgment-type evidence" in support of its notice of removal. This is incorrect. While Linden Ox *may* present such evidence, Linden Ox is not *required* to do so, at least not where the uncontested factual assertions contained in the complaint and the notice of removal demonstrate that removal jurisdiction exists. *See Altamirano*, 2013 WL 2950600 at *4 ("[C]ourts considering [the] argument…have rejected the notion that the fact that courts *may* consider ['summary-judgment-type evidence' of removal jurisdiction] necessarily *requires* the removing party to produce it.") (emphasis in original); *see also*, *Andersen v. The Schwan Food Co.*, No. 13-cv-02362-PJH, 2013 WL 3989562 at *2 (N.D. Cal. Aug. 2, 2013) (same).

Given that the uncontradicted evidence submitted by Linden Ox shows it to be a citizen of Florida, and that Kum Tat admits to being a corporation registered in the British Virgin Islands, the only plausible scenario in which diversity jurisdiction could be lacking here would be if Kum Tat's principal place of business were located not in China, but in Florida.[1]  Kum Tat has not

---

[1] The parties do not dispute that the amount-in-controversy requirement is satisfied.

presented any evidence, or even suggested, that this is the case. I conclude that Linden Ox has satisfied its burden of proving removal jurisdiction by a preponderance of the evidence. Kum Tat's motion to remand for insufficient evidence of diversity jurisdiction is DENIED.

## II.     WAIVER OF THE REMOVAL RIGHT

Kum Tat next contends that Linden Ox waived its right to remove by filing a cross-complaint in state court. Mot. 5- 6; Reply 8-10. A defendant sued in state court "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). However, a defendant's "waiver of the right of removal must be clear and unequivocal." *Id.* (internal quotation marks and citation omitted). "Waiver will not occur…when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court." *Oster v. Standard Life Ins. Co.*, No. 09-cv-00851-SBA, 2009 WL 1260174 at *1 (N.D. Cal. May 6, 2009). "Where…a party takes necessary defensive action to avoid a judgment being entered automatically against him, such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove." *Resolution Trust*, 43 F.3d at 1240.

Certain actions taken in state court are more likely to trigger waiver than others. Although the filing of a permissive counterclaim in state court generally results in waiver, the filing of a compulsory counterclaim generally does not. *Compare Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1091 (C.D. Cal. 2005) ("A defendant…manifests his intent to remain in state court if he files permissive counterclaims in state court after the case has become removable.") *with Koch v. Medici Ermete & Figli S.R.L.*, No. 13-01411, 2013 WL 1898544 at *3 (C.D. Cal. May 6, 2013) ("[D]efendant's assertion of a compulsory counterclaim along with its answer is not the sort of clear and unequivocal conduct that demonstrates an intent to litigate an action in state court."). The distinction between permissive and compulsory counterclaims makes sense in light of California civil procedure, which requires defendants to file compulsory counterclaims simultaneously with their answer. CAL. CIV. PROC. CODE § 426.30(a) ("Except as otherwise

5

provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded."). Courts agree that "simply filing an answer in state court does not waive [a defendant's] right to remove." *Oster*, 2009 WL 1260174 at *2. It would be odd to hold that filing an answer in state court does not constitute waiver, while filing an answer along with a procedurally-required compulsory counterclaim does. *See Koch*, 2013 WL 1898544 at *3 (observing same).

There is no dispute that Linden Ox's cross-complaint was the equivalent of a compulsory counterclaim, as Linden Ox's requests for declaratory relief and quiet title arise out of the "same transaction, occurrence, or series of transactions or occurrences" as the allegations in Kum Tat's complaint. *See Align Tech., Inc. v. Bao Tran*, 179 Cal. App. 4th 949, 959-60 (2009). Indeed, Kum Tat appears to concede this point in its reply brief. *See* Reply 9. Moreover, like the defendant in *Koch v. Medici Ermete & Figli S.R.L.,* a recent Central District of California case involving facts nearly identical to the ones at issue here, Linden Ox "did not delay or demonstrate any bad faith in timely removing this case to this Court," and Kum Tat "has not demonstrated that it suffered any prejudice whatsoever as a result of [Linden Ox] removing this case the day after filing a counterclaim." 2013 WL 1898544 at *4. The court in *Koch* concluded that the defendant had not waived its right to remove by filing a compulsory counterclaim in state court one day before filing its notice of removal. *Id.* Kum Tat has not presented any persuasive reason for holding otherwise here.[2] Kum Tat's motion to remand on the theory that Linden Ox waived its right of removal is DENIED.

---

[2] Kum Tat principally relies on *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131-32 (S.D. Cal. 2002), which held that a defendant's filing of a cross-complaint in California state court four days before removing the case "clearly showed an intent to reach the merits of this dispute before a state, and not a federal, tribunal." *Id.* I agree with the court in *Koch* that *Acosta* is not persuasive here because *Acosta* does not address whether the defendant's cross-complaint involved a permissive or compulsory counterclaim. *Koch*, 2013 WL 1898544 at *4 n.3.

## III. ARBITRATION CLAUSE

Kum Tat asserts this Court lacks subject matter jurisdiction because the parties agreed to arbitrate any dispute arising out of the alleged contract. Mot. 4-5. As Linden Ox points out, this argument conflates whether arbitration may be compelled with whether this Court has jurisdiction to hear the case. *See* Opp. 7 (Dkt. No. 35). These are separate issues. For example, in *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 278 (9th Cir. 1984), the Ninth Circuit observed that the district court's decision to enforce a forum selection clause did not obviate the need to address whether subject matter jurisdiction existed in the first place. *Id.* at 278. The court explained: "[T]he two decisions are separate. To reach the contract clause issue, the court had to have subject matter jurisdiction." *Id.* Kum Tat cites no authority for the proposition that an enforceable arbitration clause precludes subject matter jurisdiction. Kum Tat's motion to remand on the basis of the arbitration clause is DENIED.[3]

## IV. PRIOR EXCLUSIVE JURISDICTION DOCTRINE

Finally, Kum Tat's reply brief includes a previously unraised argument that the prior exclusive jurisdiction doctrine prohibits this Court from exercising jurisdiction over the case. Reply 6. This argument fails because the prior exclusive jurisdiction doctrine applies only "where parallel state and federal proceedings seek to determine interests in specific property as against the whole world (in rem), or where the parties' interests in the property…serve as the basis of the jurisdiction for the parallel proceedings (quasi in rem)." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1044 (9th Cir.2011) (internal quotation marks and citations omitted); *see also, Knaefler v. Mack*, 680 F.2d 671, 675 (9th Cir. 1982) ("Where concurrent proceedings in state and federal court are both suits in rem or quasi in rem, the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."). With one

---

[3] In its reply brief, Kum Tat appears to change course and argue instead that the arbitration clause compels that the parties arbitrate their dispute. Reply 7-8 ("[T]he parties' agreement to arbitrate … is enforceable; any objections Linden Ox has to the contract as a whole must be decided in arbitration."). Because Kum Tat has not filed a motion to compel arbitration, I will not consider this argument here.

narrow exception not applicable here,[4] the prior exclusive jurisdiction doctrine "does not apply to removed cases such as this one because there are no parallel proceedings and, therefore, no issue of simultaneous jurisdiction." *Yong Chull Kim v. Wells Fargo Bank, N.A.*, No. 12-cv-02066-EJD, 2012 WL 3155577 at *3 n.4 (N.D. Cal. Aug. 2, 2012). Here, there is only one proceeding, and Linden Ox removed that proceeding from state to federal court, thereby terminating the state court's exercise of jurisdiction unless and until remand occurs. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal…the State court shall proceed no further unless and until the case is remanded."). Kum Tat's motion to remand pursuant to the doctrine of prior exclusive jurisdiction is DENIED.

## CONCLUSION

For the foregoing reasons, Kum Tat's motion to remand is DENIED.

**IT IS SO ORDERED**.

Dated: September 16, 2014

WILLIAM H. ORRICK
United States District Judge

---

[4] That narrow exception is where a court has acquired some form of specialized, continuing jurisdiction over the property which, even in the absence of a pending case, precludes other courts from exercising jurisdiction over the same property. For example, in *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804 (9th Cir. 2003), the Ninth Circuit held that a federal court lacked jurisdiction over a water rights dispute where those rights had been placed under the state court's continuing jurisdiction pursuant to a decades-old decree. *Id.* at 810-11. Kum Tat's argument that *State Engineer* stands for the proposition that no in rem or quasi in rem action can ever be removed to federal court is simply wrong.