UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KUM TAT LIMITED,

    Plaintiff,

    v.

LINDEN OX PASTURE, LLC,

    Defendant.

Case No. 14-cv-02857-WHO

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

Re: Dkt. No. 57

## INTRODUCTION

Plaintiff Kum Tat Limited ("Kum Tat") and defendant Linden Ox Pasture, LLC ("Linden Ox") entered negotiations for the purchase of residential property owned by Linden Ox. When Linden Ox terminated negotiations and contracted to sell the property to a third party, Kum Tat sued for breach of contract and specific performance. In the first round of motions, I expunged Kum Tat's lis pendens and denied its motion to remand. In the second, I denied its motion to compel arbitration. Now, following its appeal of that order and motion for a stay pending the appeal, I DENY the motion for a stay. Kum Tat has not demonstrated that the balance of hardships tilts sharply in its favor.

## BACKGROUND

The factual and procedural background of this case has been set out in three previous orders and is well known to both parties. *See Kum Tat Ltd. v. Linden Ox Pasture, LLC*, No. 14-cv-02857-WHO, 2014 WL 6882421 (N.D. Cal. Dec. 5, 2014); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, No. 14-cv-02857-WHO, 2014 WL 4652355 (N.D. Cal. Sept. 18, 2014); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, No. 14-cv-02857-WHO, 2014 WL 4651673 (N.D. Cal. Sept. 16, 2014).

Kum Tat is a corporation registered in the British Virgin Islands.[1]  Linden Ox is a limited liability company with only one member, who lives in Florida.  Kum Tat asserts that on May 27, 2014, the parties entered a contract according to which Linden Ox agreed to sell Kum Tat a residential property located in San Mateo County, California for approximately $41 million.  Kum Tat asserts that Linden Ox subsequently breached the contract when it agreed to sell the property to a third party.

On June 10, 2014, Kum Tat sued Linden Ox in the Superior Court of California, County of San Mateo, alleging breach of contract and seeking specific performance.  Kum Tat also filed a Notice of Pendency of Action (Lis Pendens) against the property.  Linden Ox filed an answer and a cross-complaint seeking declaratory relief and quiet title, removed the case to federal court, and filed a motion to expunge lis pendens.  Kum Tat then moved to remand for lack of subject matter jurisdiction.

After oral argument, I denied the motion to remand on September 16, 2014.[2]  Two days later, I granted the motion to expunge lis pendens.  I found that Kum Tat had not carried its burden of showing, by a preponderance of the evidence, that it was likely to prevail against Linden Ox on its breach of contract claim.

Kum Tat moved to compel arbitration.  On December 5, 2014, I denied the motion, reasoning that Kum Tat could only compel Linden Ox to arbitrate if the parties had entered a contract, which the parties had not done.  Kum Tat appealed.  Dkt. No. 56.  The appeal raises two grounds: first, that there is no subject matter jurisdiction over this case; and second, that it was legal error to deny the motion to compel arbitration.  Mot. 3.

---

[1] While Kum Tat concedes that it is registered in the British Virgin Islands, Kum Tat has not confirmed the location of its principal place of business.  Linden Ox's notice of removal alleges that Kum Tat's principal place of business is in China.  *See* Dkt. No. 1.  Kum Tat continues to dispute whether this allegation, along with the evidence cited by Linden Ox in support of it, were sufficient to establish the location of Kum Tat's principal place of business for the purposes of determining diversity jurisdiction.  *See, e.g.,* Reply 9-10.  Kum Tat has neither asserted that its principal place of business is anywhere but China nor offered any evidence to that effect.

[2] Kum Tat petitioned the Ninth Circuit for a writ of mandamus regarding the denial of the motion to remand.  Dkt. No. 48.  On December 1, 2014, the Ninth Circuit issued a summary order denying the petition.  Dkt. No. 53.

Kum Tat filed this motion for stay pending appeal on December 23, 2014. Dkt. No. 57. I heard argument from the parties on February 4, 2015. Dkt. No. 69.

**LEGAL STANDARD**

An appeal from a district court's order denying a motion to compel arbitration does not trigger an automatic stay pending the appeal. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411-12 (9th Cir. 1990). The Ninth Circuit has reasoned that automatic stays in this context "would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration." *Id.* at 1412. Accordingly, a district court faced with a motion to stay a case pending an appeal of a denial to compel arbitration has discretion to grant or deny the stay "depend[ing] on the case's particular facts [and] circumstances." *Morse v. Servicemaster Global Holdings, Inc.*, No. 08-cv-03894, 2013 WL 123610, at *1-2 (N.D. Cal. Jan. 8, 2013). "In making this decision, many lower courts have applied the traditional test that is used to determine whether there should be a stay pending an appeal." *Newton v. Am. Debt Servs., Inc.*, No. 11-cv-03228-EMC, 2012 WL 3155719, at *1 (N.D. Cal. Aug. 2, 2012); *see also, Morse*, 2013 WL 123610, at *1-2; *Covillo v. Specialty's Cafe*, No. 11-cv-00594-DMR, 2012 WL 4953085, at *1 (N.D. Cal. Oct. 17, 2012). This test involves four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether he will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 418-19 (2009) (internal quotation marks and modifications omitted).

In weighing these factors, courts apply a "sliding scale" approach whereby the factors are balanced "so that a stronger showing of one . . . may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011); *see also, Morse*, 2013 WL 123610, at *1-2. Under this sliding scale approach, a moving party who cannot show a strong likelihood of success on the merits may nonetheless be entitled to a stay where he shows that his appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva-Perez*, 640 F.3d at 971; *see also, Britton*, 916 F.2d at 1412 (noting that a stay pending an appeal from an order

3

1  declining to compel arbitration may be appropriate where "the court finds that the motion presents

2  a substantial question"). A party satisfying this lower threshold under the first *Nken* factor "is not

3  required to show that it is more likely than not to win on the merits, but must then demonstrate

4  that the balance of hardships under the second and third factors tilts sharply in its favor." *Morse*,

5  2013 WL 123610, at *2 (internal citations and modifications omitted); *see also, Ward v. Estate of*

6  *Goossen*, No. 14-cv-03510-TEH, 2014 WL 7273911, at *3 (N.D. Cal. Dec. 22, 2014).[3,4]

## DISCUSSION

### I.   LIKELIHOOD OF SUCCESS ON THE MERITS

While Kum Tat has not made a strong showing of success on the merits, I am persuaded that its appeal satisfies the lower threshold of raising a serious legal question. One of the issues that Kum Tat plans to appeal concerns severability of arbitration provisions. *See* Reply 8-9. Kum Tat argued in its motion to compel arbitration that under *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), and *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), the arbitration provision in the alleged contract between the parties was severable from the rest of the contract and therefore enforceable.

I disagreed. I held that the severability doctrine set out in *Prima Paint* and *Buckeye* did not reach the facts of this case. Under that doctrine, where a challenge is made to the validity of the contract as a whole – as opposed to the validity of the arbitration clause itself – the arbitration clause remains severable, and the challenge must be "considered by the arbitrator in the first

---

[3] Kum Tat argues in its motion that *Britton* does not apply here, and that an automatic stay is warranted, because the order denying Kum Tat's motion to compel arbitration "implicates, and by implication decides, each and every claim at issue in this litigation." Mot. 3-5. Kum Tat does not cite any case limiting *Britton* in this way, and I am not aware of any. Kum Tat's concerns about an "unseemly jurisdictional collision [which] can be avoided only by staying further proceedings in this Court" are also unpersuasive. *See* Reply 3. When "a denial of a motion to compel arbitration is reversed, then any ruling by the district court [is] vacated and arbitration . . . proceed[s]." *Bradberry v. T-Mobile USA, Inc.*, No. 06-cv-06567-CW, 2007 WL 2221076, at *4 n.5 (N.D. Cal. Aug. 2, 2007). This eliminates any "significant risk of inconsistent rulings." *Id.*

[4] Kum Tat argues in its motion that California law mandates a stay. Mot. 5. Linden Ox responds that federal law controls whether a stay is imposed pending appeal, even in a case involving state substantive law. Opp. 6. Kum Tat does not address this argument in its reply brief. I agree with Linden Ox and will apply federal law to determine whether a stay is appropriate here. *See Vacation Vill., Inc. v. Clark Cnty., Nev*, 497 F.3d 902, 913-14 (9th Cir. 2007).

instance." *Buckeye*, 546 U.S. at 445-56.  However, under Supreme Court, Ninth Circuit, and state law precedent, where a challenge is made not to a contract's validity, but to the contract's very existence, the question of contract formation is decided by the court.  *See, e.g., Buckeye*, 546 U.S. at 444 n.1 (distinguishing the generally arbitral issue of a contract's validity from the generally nonarbitral issue of "whether any agreement between the alleged obligor and obligee was ever concluded"); *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 (9th Cir. 2007) ("Issues regarding the *validity* . . . of a putative contract mandating arbitration should be referred to an arbitrator, but challenges to the *existence* of a contract as a whole must be determined by the court prior to ordering arbitration.") (emphasis in original).  This is because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *AT & T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986).  I concluded that Linden Ox had mounted a challenge to the very existence of a contract between the parties, and that no such contract existed.

Despite the numerous cases holding that issues of contract formation are to be decided by the court before compelling arbitration, Kum Tat's appeal presents a serious legal question because the majority of cases so holding have concerned situations where the act of contract execution was disputed.  *See Sanford*, 483 F.3d at 962-63 (issue of contract formation was for court to decide where plaintiff claimed she was not aware she had entered contract with defendant)*; Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1138-41 (9th Cir. 1991)  (issue of contract formation was for court to decide where parties disputed whether signatory to underlying agreement had authority to contractually bind plaintiffs); *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 415-17 (1996) (holding that claims of fraud in the execution – i.e., claims of fraud that "g[o] to the inception or execution of the agreement, so that the promisor is deceived as to the nature of his act, and actually does not know what he is signing, or does not intend to enter into a contract at all" – are not arbitrable); *see also, Buckeye*, 546 U.S. at 444 n.1 (noting that "it is for courts to decide whether the alleged obligor ever signed the contract, whether the signor lacked authority to commit the alleged principal, and whether the signor lacked the mental capacity to assent").  Kum Tat's position appears to be that a court's

5

authority to decide contract formation issues does not extend beyond such circumstances. *See* Reply 8-9. Given that there is no Supreme Court or Ninth Circuit decision that squarely addresses this issue, I find that Kum Tat's appeal raises a serious legal question, and that this first *Nken* factor is satisfied. Accordingly, I will proceed to consider the balance of hardships between the parties.

## II.   BALANCE OF HARDSHIPS

The second and third *Nken* factors concern whether the moving party "will be irreparably injured absent a stay," and "whether issuance of the stay will substantially injure the other parties." 556 U.S. at 418-19. A party that shows only a serious legal question presented by its appeal must demonstrate that this balance of hardships "tilts sharply" in its favor. *Morse*, 2013 WL 123610, at *2; *Ward*, 2014 WL 7273911, at *3.

The balance of hardships does not tilt sharply in Kum Tat's favor. Kum Tat does not argue otherwise. It does not even state in its motion that it will be irreparably harmed if the stay is denied, and the one portion of its reply brief discussing irreparable harm is titled, "Both Kum Tat and Linden Ox Will be Injured by Refusal of a Stay." Reply 10. Kum Tat contends that both parties will be harmed by denial of the stay because the only remaining issue before me – the existence of a contract between the parties – will also be one of the principal issues before the Ninth Circuit. Thus, Kum Tat contends, if I decide the issue one way and the Ninth Circuit decides it another, both parties will be injured in that they "will be forced to start over." *Id.* Kum Tat identifies no other way in which it will be harmed by denial of the stay.

Linden Ox asserts that it will be harmed by issuance of a stay because Kum Tat will "escape discovery" for two or three years, meaning that, at best, Linden Ox "will be left to conduct discovery when . . . memories have faded, two or three years after the fact." Opp. 5. In addition, Linden Ox states that it has agreed to indemnify the third party buyer of the property for any harms arising from this action. *Id.* Linden Ox asserts that it should not have to wait for two or three years to know whether it will need to indemnify the buyer. *Id.*

Kum Tat argues convincingly that the harms claimed by Linden Ox are not as serious as Linden Ox purports them to be. Resolution of this case will require only minimal discovery.

6

Also, given that Kum Tat has vowed that it will bring a state court action against the third party buyer for tortious interference with a contract if it prevails either in this Court or on its appeal, Linden Ox will be forced to endure the uncertainty of its indemnification agreement for some time regardless of whether a stay is granted or denied now. *See* Reply 11.

While these arguments indicate that Linden Ox will not be seriously harmed by issuance of a stay, Kum Tat has not demonstrated that it will be seriously harmed either if the stay is denied. Kum Tat's contention that both parties will be harmed in the event of a Ninth Circuit reversal is unpersuasive, both because the contention is that the parties will be harmed equally if the stay is denied (not that Kum Tat will be harmed significantly more than Linden Ox) and because reversal "is no more than a possibility." *Morse*, 2013 WL 123610, at *4 (rejecting similar argument). Under *Nken*, "simply showing some possibility of irreparable injury fails to satisfy the second factor." 556 U.S. at 434-35. The moving party "must demonstrate that irreparable harm is probable if the stay is not granted." *Leiva-Perez*, 640 F.3d at 968. Kum Tat has done so.

## III. THE PUBLIC INTEREST

I am denying Kum Tat's request for a stay because it has failed to demonstrate that the balance of hardships tilts sharply in its favor. Unlike many cases involving stays pending appeals of orders denying motions to compel arbitration, the public interest factor is at best neutral here. Some courts have found that a stay pending such an appeal furthers "judicial efficiency and economy" because absent a stay, "judicial resources [are] wasted if [the] case proceeds all the way to trial, only for the court to later discover that the case should have proceeded through arbitration." *Zaborowski v. MHN Gov't Servs., Inc.*, No. 12-cv-05109-SI, 2013 WL 1832638, at *3 (N.D. Cal. May 1, 2013). That is not true here. The parties agree that the case is highly likely to be resolved at summary judgment, that minimal discovery will be required in preparation for their summary judgment motions, and that the principal issue in deciding those motions is the same issue I already addressed in deciding the motion to compel arbitration: whether Kum Tat and Linden Ox entered a contract. *See, e.g.,* Reply 2, 10. The losing party will likely appeal that decision as well. The upshot is that resolving this case now, without granting a stay, is unlikely to require significant expenditure of judicial (or litigant) resources, and that denying the stay will

1 result in a speedier and less expensive determination of this action both in this Court and in the
2 Ninth Circuit.

### CONCLUSION

For the foregoing reasons, the motion for stay is DENIED. At the hearing on this motion, Kum Tat asked for a brief stay following my ruling (if it was adverse) so that it could seek a stay from the Ninth Circuit. Accordingly, I will stay this matter through February 23, 2015.

**IT IS SO ORDERED**.

Dated: February 17, 2015



_____
WILLIAM H. ORRICK
United States District Judge

8