UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUM TAT LIMITED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LINDEN OX PASTURE, LLC,<br><br>　　　　Defendant. | Case No. 14-cv-02857-WHO<br><br>**ORDER GRANTING NON-OPPOSED MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 86 |

　　　　Defendant and Counterclaimant Linden Ox Pasture, LLC ("Linden Ox") filed a motion for summary judgment on July 26, 2017. Dkt. No. 84. Plaintiff and Counter-Defendant Kum Tat Limited ("Kum Tat") filed a Statement of Non-Opposition to Linden Ox's motion for summary judgment on August 9, 2017. Dkt. No. 85. Following the filing of Kum Tat's Statement of Non-Opposition, Linden Ox submitted a proposed order granting its motion for summary judgment. Dkt. No. 86. On August 23, 2017, I directed Kum Tat to file a response to the proposed order of summary judgment on or before Wednesday August 30, 2017, and noted that if no response was filed, I would enter the proposed order and a judgment accordingly. Dkt. No. 87. As of today's date, Kum Tat has not filed a response to Linden Ox's proposed order on summary judgment.

　　　　Therefore, in consideration of the prior Orders of this Court and the United States Court of Appeals for the Ninth Circuit in this case, (*see* Dkt. Nos. 42, 43, 53, 55, 70, 74 and 78), and based on the papers and evidence filed in support of Linden Ox's motion for summary judgment, the non-opposition by Kum Tat, and its non-response concerning the form of this order,

IT IS HEREBY ORDERED as follows:

1. Linden Ox's motion for summary judgment is granted.

2. As to the claims for relief alleged in Kum Tat's complaint, summary judgment is granted in favor of Defendant Linden Ox and against Plaintiff Kum Tat, and the claims alleged in the complaint are dismissed. Summary judgment is granted because: the admissible evidence establishes that no contract was formed between Kum Tat and Linden Ox; and no contrary evidence establishes a genuine dispute as to any material fact concerning whether a contract was formed.

3. As to the claims for relief alleged in Linden Ox's counterclaim, summary judgment is granted in favor of Counterclaimant Linden Ox and against Counter-Defendant Kum Tat. Summary judgment is granted as to the first claim in the counterclaim because: admissible evidence establishes that there was no contract formed between Kum Tat and Linden Ox and Linden Ox is entitled to a declaration that no contract was formed; and no contrary evidence establishes a genuine dispute as to any material fact concerning whether a contract was formed. Summary judgment is granted as to the second claim in the counterclaim because: admissible evidence establishes that none of Kum Tat's claims cloud title to the PROPERTY and Linden Ox is entitled to a declaration that none of Kum Tat's claims cloud title; and no contrary evidence establishes a genuine dispute as to any material fact concerning whether a contract was formed or whether Kum Tat had any interest in the PROPERTY. The term "PROPERTY" is defined as the real property located at 85 Isabella Avenue, City of Atherton, County of San Mateo, California, legally described as follows: PARCEL B, AS SHOWN ON THAT CERTAIN PARCEL MAP ENTITLED, "LANDS OF WHITE TRUST", OF A PORTION OF LOT 2 VALPARAISO PARK (FILED FOR RECORD ON MARCH 18, 1891 AS DOCUMENT NO. 94102261), WHICH PARCEL MAP WAS FILED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SAN MATEO, STATE OF CALIFORNIA ON MARCH 16, 2005 PARCEL MAP BOOK 76 AT PAGES 4 AND 5, SAN MATEO COUNTY RECORDS. APN:070-250-410.

4. Linden Ox is deemed to be the prevailing party and is entitled to recover attorney's fees in the amount of $513,821.00 (through April, 2017), pursuant to California Civil Code §

1717.

5. Linden Ox may apply for an award of additional attorney's fees incurred after April, 2017, and before judgment is entered, pursuant to Fed. R. Civ. P. 54(d)(2)(B).

6. Linden Ox is deemed to be the prevailing party and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d)(1).

7. A final judgment shall be entered consistent with this order.

**IT IS SO ORDERED.**

Dated: September 5, 2017

William H. Orrick
United States District Judge