UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUM TAT LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDEN OX PASTURE, LLC,<br><br>    Defendant. | Case No. 3:14-cv-02857-WHO<br><br>**ORDER GRANTING NON-OPPOSED MOTION FOR ADDITIONAL ATTORNEY'S FEES**<br><br>Re: Dkt. No. 92 |

On September 5, 2017, I entered judgment, Dkt. No. 89, following an order granting Linden Ox's non-opposed motion for summary judgment, Dkt. No. 88. The Order identified Linden Ox as the prevailing party, noted its entitlement to recover attorney's fees in the amount of $513,821.00 (through April, 2017), and indicated that it could apply for an award of additional attorney's fees incurred after April, 2017 and before entry of judgment, pursuant to Federal Rule of Civil Procedure 54(d)(2)(B). Order ¶¶ 4–5. The present motion seeks an additional award of attorney's fees in the amount of $37,584.00. Dkt. No. 92. Kum Tat filed a statement of non-opposition. Dkt. No. 94. I find this matter appropriate for resolution without oral argument and VACATE the October 25, 2017 hearing. Civ. L. R. 7-1(b).

Linden Ox is entitled to recover attorney's fees under California Civil Code section 1717. Cal. Civ. Code § 1717; *see also Hsu v. Abbara*, 9 Cal. 4th 863, 866 (Cal. 1995)(holding "mutuality of remedy" dictates that a defendant is the "prevailing party" under section 1717 when the defendant proves that no contract was formed).

Courts calculate a reasonable award based on the lodestar method. *Gates v. Deukmejian,* 987 F.2d 1392, 1398 (9th Cir. 1992). Jeffrey L. Fillerup submitted a declaration in support of Linden Ox's Motion for Additional Attorney's Fees indicating that he spent 69.9 hours

on this case between May and August 2017. Fillerup Decl. ¶ 3 (Dkt. No. 92-1). At his rate of $540/hour, he billed Linden Ox $37,584.00 in attorney's fees for this period.[1] *Id*. ¶¶ 3–4.

"The determination of a reasonable hourly rate 'involves examining the prevailing market rates in the community charged for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Dropbox, Inc. v. Thru Inc.*, No. 15-CV-01741-EMC, 2017 WL 914273, at *4 (N.D. Cal. Mar. 8, 2017). "The 'relevant community' for the purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds." *Id*.

Fillerup has over 30 years of experience, *see* Fillerup Decl. ¶ 1, which puts his rate within the realm of reasonable when compared to experienced attorneys in this district. *E.g.*, *Rosenfeld v. U.S. Dep't of Justice*, No. C-07-3240-EMC, 904 F. Supp. 2d 988, 1002 (N.D. Cal. 2012)(confirming an attorney with 28 years of experience would command an hourly billed rate between $640 and $875); *Californians for Disability Rights, Inc. v. California Dept. of Transp.,* C 06–5125 SBA, 2011 WL 8180376 (N.D. Cal. Feb. 2, 2011)(awarding hourly rate of $730 for attorney with 26 years of experience).

Fillerup provided a breakdown of how he spent the 69.9 hours he billed between May and August 2017. Fillerup Decl. ¶ 3. The hours appear to be reasonable.

In accordance with the foregoing, Linden Ox is entitled to recover the $37,584.00 in additional attorney's fees.

**IT IS SO ORDERED.**

Dated: October 6, 2017

William H. Orrick
United States District Judge

---

[1] To arrive at this figure, Fillerup must have deducted some amount of fees because his rate multiplied by his hours equals $37,746.

2